OPINION.
{¶ 1} Appellant, Steven K. Savage, ("Savage"), appeals the judgment of the Lake County Common Pleas Court, which found him to be a sexual predator as defined in R.C. 2950.01(E)(1). We affirm.
 {¶ 2} Savage pled guilty to one count of rape in violation of R.C. 2907.02(A)(2). The conduct underlying this plea involved Savage's stepdaughter, who was twelve and thirteen years old at the time of the conduct. The trial court found Savage committed approximately nineteen to twenty sexual acts with his stepdaughter over a period of sixteen months.
 {¶ 3} After a hearing conducted pursuant to R.C. 2950.09, the trial court adjudicated Savage a sexual predator. Savage appeals raising four assignments of error:
 {¶ 4} "[1.] The evidence upon which the trial court labeled appellant Steven Savage a sexual predator was insufficient as a matter of law to prove `by clear and convincing evidence' that appellant is likely to re-offend by engaging in the future in one or more sexually oriented offenses.
 {¶ 5} "[2.] The trial court abused its discretion by considering variables outside R.C. 2950.09(B) in deciding that Steven Savage is a sexual predator.
 {¶ 6} "[3.] The sexual predator hearing in the case at bar violated Steven Savage's due process rights because the trial court admitted the audiotape transcripts into evidence, over the objections of trial counsel, thereby depriving defendant of his right to confrontation.
 {¶ 7} "[4.] The trial court erred by admitting the audiotape transcripts in violation of Steven Savage's due process right to fair procedure, when in fact the court's forensic expert testified that the audiotapes [sic] had no bearing in determining the likelihood of reoffending."
 {¶ 8} In his first assignment of error, Savage argues that there was insufficient evidence to support the trial court's judgment. We disagree.
 {¶ 9} For an offender to be adjudicated a sexual predator, the trial court must find, by clear and convincing evidence, that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). See, also, State v. Eppinger (2001),91 Ohio St.3d 158.
 {¶ 10} When reviewing a sexual predator adjudication, we must examine the record and determine whether the trier of fact had before it sufficient evidence to satisfy the burden of proof. State v. Stillman
(Dec. 22, 2000), 11th Dist. No. 2000-L-015, 2000 WL 1876573, 1, citing,State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 11} In the instant case, Savage does not challenge the trial court's finding that he has been convicted of a sexually oriented offense. He challenges the second prong of the test, i.e., the trial court's determination that he is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 12} The Revised Code sets forth factors the trial court is to consider in determining whether an offender is likely to re-offend. Former R.C. 2950.09(B)(2)(a) through (j). These factors are: the offender's age; the victim's age; whether the offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the offense or to prevent the victim from resisting; if the offender has previously been convicted of or pled guilty to a criminal offense, whether the offender completed the sentence imposed and, if the prior offense was a sex offense, whether the offender participated in programs available for sex offenders; any mental illness or mental disability of the offender; the nature of the sexual conduct with the victim and whether it was part of a demonstrated pattern of abuse; whether, during the commission of the offense, the offender displayed cruelty or made one or more threats of cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. Id. See, also, Eppinger, at 164.
 {¶ 13} During the hearing, Savage presented testimony of two experts, Dr. John Fabian, an employee of the Lake County Common Pleas Court Probation Department, and Dr. Sandra McPherson, a clinical and forensic psychologist, both of whom evaluated Savage. Dr. Fabian opined that Savage was at a low to moderate risk to re-offend. Dr. McPherson opined that Savage was at a low risk to re-offend. Savage contends that the opinions of Drs. Fabian and McPherson were uncontradicted, and therefore, there was insufficient evidence upon which the trial court could adjudicate him a sexual predator.
 {¶ 14} While these experts testified to factors which could lead to the conclusion that Savage was unlikely to re-offend, such as his age and his relationship with the victim, we find that the trial court had before it evidence sufficient to establish that Savage is likely to re-offend.
 {¶ 15} The trial court must consider the factors set forth in R.C. 2950.09(B)(2). However, the court is not required to "tally up" these factors in a particular fashion. State v. Clutter (Jan. 28, 2000), 4th Dist. No. 99CA19, 2000 WL 134730, 3. "A court may classify an offender as a `sexual predator' even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provide clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense." Id., citing State v.Mollohan (Aug. 20, 1999), 4th Dist. No. 98CA13. Further, a court may find an offender to be a sexual predator even without expert testimony from the state. Id.
 {¶ 16} In the instant case, the evidence established that Savage had prior convictions for possession of drug paraphernalia, falsification, theft, and driving under suspension. The victim of the underlying offense was twelve and thirteen years old at the time of the conduct; Savage was thirty-three and thirty-four years old. The sexual conduct included "numerous types of sexual acts." There was evidence of cruelty and threats made by the offender towards the victim, including telling the victim that if she told of Savage's conduct, she would be responsible for the break up of the home. There was evidence that Savage compelled the victim to submit by force. The evidence established a pattern of abuse; there were nineteen to twenty incidences of sexual contact over a period of sixteen months. Dr. Fabian testified that Savage exhibited some traits of pedophilia. Therefore, the trial court had before it clear and convincing evidence to establish that Savage was a sexual predator. Savage's first assignment of error is without merit.
 {¶ 17} In his second assignment of error, Savage argues that the trial court abused its discretion when it considered factors not found in former R.C. 2950.09(B)(2). Specifically, Savage argues that the trial court erred when it based its determination, at least in part on the following findings: that Savage treated the victim as a sex object; failed to take responsibility for his actions and show remorse; the chronic nature of the conduct; and that Savage violated the morals of our society by engaging in sexual conduct with his stepdaughter.
 {¶ 18} Savage's argument is untenable. The legislature recognized that it could not provide an exhaustive list of factors that would determine whether an offender was likely to engage in the future in a sexually oriented offense. Therefore, R.C. 2950.09(B)(2)(j) allows a trial court to consider, "[a]ny additional behavioral characteristics that contribute to the offender's conduct." Thus, we cannot say that the trial court abused its discretion in considering these additional characteristics. Savage's second assignment of error is without merit.
 {¶ 19} Savage's third and fourth assignments of error are interrelated and will be addressed together. In these assignments of error, Savage argues that the trial court erred by admitting the transcripts of an audio taped conversation between Savage and the victim.
 {¶ 20} Savage first argues that the trial court violated his Sixth Amendment right to confront the witnesses against him by permitting the state to play the audiotape rather than have the witness testify. While Savage's trial counsel did object to this evidence on the basis of relevance, Savage made no objection based on his Sixth Amendment rights. Therefore, this argument is waived. See, State v. Bing (1999),134 Ohio App.3d 444, 449. See, also, State v. Kulczak (Dec. 27, 1995), 9th Dist. No. 17258, 1995 WL 760390, 4; State v. Awan (1986),22 Ohio St.3d 120, 122; State v. Peagler (1996), 76 Ohio St.3d 496, 499.
 {¶ 21} Finally, Savage argues that the trial court erred in admitting the audiotape because it was irrelevant. We disagree.
 {¶ 22} "A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings." State v.Cooke (1998), 83 Ohio St.3d 404, 425.
 {¶ 23} Dr. Fabian testified that the information gleaned from the audiotape had no bearing on whether Savage was likely to re-offend. However, Dr. Fabian referred to the audiotape in his report. The trial court stated that it was for this reason that it wanted to hear the tape. Therefore, we cannot conclude that the trial court abused its discretion in admitting the tape, especially in light of the fact that the rules of evidence are not strictly applied in sexual predator hearings. Savage's third and fourth assignments of error are without merit.
 {¶ 24} For the foregoing reasons the judgment of the Lake County Common Pleas Court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.