JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Thomas Hughes ("defendant"), appeals pro se from the trial court's decision that denied his motion for postconviction relief. For the reasons that follow, we affirm.
 {¶ 2} Defendant was convicted of robbery on August 30, 2002. He appealed this conviction on September 16, 2002, which was affirmed by this Court on May 8, 2003. State v. Hughes (May 8, 2003), Cuyahoga App. No. 81768. Defendant filed his postconviction petition on November 10, 2004, after the expiration of the 180-day period of R.C. 2953.21(A)(2). He maintained that the United States Supreme Court's decision in Blakely v.Washington (2005), 124 S.Ct. 2531, vested the trial court with jurisdiction to consider the petition on the alleged basis that it "announced a new rule of Constitutional law and is retroactive * * *." The State moved to dismiss the petition as untimely. The trial court denied defendant's petition and defendant assigns two errors for our review.
 {¶ 3} "I. The trial court abused its discretion in failing to hold a hearing of the petitioner's petition for postconviction relief where there was evidence determinative of a material issue raised under theBlakely holding of the United States Supreme Court and failed to issue a findings of fact and conclusion of law in the denial of the petition."
 {¶ 4} The trial court did not abuse its discretion by not holding a hearing on defendant's petition because it was without jurisdiction to consider the petition.
 {¶ 5} R.C. 2953.21(A)(2) sets forth the time limits for filing a motion for postconviction relief. "Except as otherwise provided in R.C.2953.23, a petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication."
 {¶ 6} R.C. 2953.23 allows the court to consider an untimely petition only if both of the following apply:
 {¶ 7} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 8} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C. 2953.23(A)(1)(a)-(b).
 {¶ 9} Defendant's petition was not filed within the 180-day time limit and he failed to satisfy the requirements of R.C. 2953.23 to file a delayed petition. Defendant's argument that Blakely created new constitutional law that retroactively impacts the imposition of greater than a minimum sentence under Ohio law has been rejected by this Court in the en banc decision of State v. Atkins-Boozer, Cuyahoga App. No. 84151,2005-Ohio-2666. He offers no other basis to vest the trial court with jurisdiction to consider the untimely petition. Accordingly, this assignment of error is overruled.
 {¶ 10} "II. The trial judge committed plain error in her denial to issue a finding of fact and conclusion of law after numerous attempts to request the issuance of the reasons for the denial of the petition.
 {¶ 11} Where the postconviction petition is untimely, the trial court has no duty to issue findings of fact and conclusions of law. State exrel. Kimbrough v. Greene, Cuyahoga App. No. 81172, 2002-Ohio-2750. This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Gallagher, J., concur.