DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, William Luther, appeals the decision of the Lorain County Court of Common Pleas, which denied his motion for post-conviction relief. This Court affirms.
 I. {¶ 2} On April 28, 1998, appellant was indicted by the Lorain County Grand Jury on one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1); two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1); two counts of theft, in violation of R.C. 2913.02(A)(4); three counts of possessing criminal tools, in violation of R.C. 2923.24(A); two counts of receiving stolen property, in violation of R.C.2913.51(A); one count of conspiracy to commit aggravated robbery, in violation of R.C. 2923.01(A)(2)/2911.01(A)(1); one count of carrying a concealed weapon, in violation of R.C. 2923.12(A); and nine firearms specifications.
 {¶ 3} On May 25, 1999, a jury found appellant guilty of all counts in the indictment. Appellant was sentenced to a total of twenty-eight years incarceration. On June 28, 1999, appellant filed a notice of appeal with this Court. On December 13, 2000, this Court affirmed appellant's conviction and sentence. Statev. Luther (Dec. 13, 2000), 9th Dist. No. 99CA007394.
 {¶ 4} On June 20, 2005, appellant filed a motion to vacate and reconstruct his sentence. The trial court denied appellant's motion on July 7, 2005. Appellant timely appealed the denial of his motion for post-conviction relief, setting forth four assignments of error for review. The assignments of error have been rearranged to facilitate review.
 II. FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN SUA SPONTE DENYING [APPELLANT'S] MOTION TO VACATE AND RECONSTRUCT SENTENCE WITHOUT FIRST ALLOWING THE PROSECUTING ATTORNEY TO RESPOND TO IT."
 {¶ 5} In his first assignment of error, appellant contends that the trial court erred in denying his motion to vacate and reconstruct sentence without allowing the State to respond. Appellant's assignment of error lacks merit.
 {¶ 6} R.C. 2953.21(D) provides that:
"Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are raised, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record."
Although this provision provides that the State "shall respond", the State's duty to respond is discretionary, not mandatory. State v. Sklenar (1991), 71 Ohio App.3d 444, 446;State v. Wallen (Aug. 11, 1997), 12th Dist. No. CA-9702-017. Therefore, the trial court was not required to await a response from the State before ruling on appellant's motion. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] MOTION TO VACATE AND RECONSTRUCT SENTENCE WITHOUT ISSUING FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO THE REASONS FOR THE DENIAL AND AS TO THE GROUNDS FOR RELIEF RELIED UPON IN THE MOTION."
 FOURTH ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] MOTION TO VACATE AND RECONSTRUCT SENTENCE WHEN IT STATED GROUNDS THAT REQUIRED RELIEF TO BE GRANTED."
 {¶ 7} In his second and fourth assignments of error, appellant contends that the trial court erred in denying his petition for post-conviction relief and therein finding Blakelyv. Washington (2004), 542 U.S. 296, inapplicable to his sentence. We find no merit in these contentions.
 {¶ 8} This Court reviews a trial court's grant or denial of a petition for post-conviction relief under an abuse of discretion standard. State v. Stallings, 9th Dist. No. 21969,2004-Ohio-4571, at ¶ 5. An abuse of discretion implies more than an error in judgment; it connotes unreasonable, arbitrary, or unconscionable conduct on the trial court's part. Id., citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} In State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus, the Ohio Supreme Court held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." Appellant filed a direct appeal on June 28, 1999. This Court affirmed appellant's conviction and sentence on December 13, 2000. State v. Luther (Dec. 13, 2000), 9th Dist. No. 99CA007394. Accordingly, appellant was required to comply with R.C. 2953.21(A)(2). Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. See App.R. 3(A) 4(A). A trial court may not entertain a motion that is filed after the timeframe set forth in R.C. 2953.21(A)(2). R.C. 2953.23(A).
 {¶ 10} Appellant's motion was filed in 2005 — nearly six years after the expiration of the time to file an appeal — and was therefore, clearly untimely. R.C. 2953.23(A) provides certain factors, that if present, would except a petition from the prescribed filing time. Pursuant to R.C. 2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for post-conviction relief unless both of the following apply:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 11} Appellant contends that, under the grounds enunciated in Blakely, his sentence is contrary to law. Appellant asserts that Blakely constitutes "a new federal or state right that applies retroactively to persons in [his] situation." R.C.2953.23(A)(1)(a). In State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, the Court found that R.C. 2929.14(B),2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code violated the Sixth Amendment, pursuant toBlakely, supra, and Apprendi v. New Jersey (2000),530 U.S. 466, to the extent that they required judicial factfinding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The court then held that the cases before the court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding in United States v. Booker (2005),543 U.S. 220, the Foster Court only applied its holding retroactively to cases pending on direct review or not yet final. Id. at ¶ 106.
 {¶ 12} As stated herein, in Booker, supra, the United States Supreme Court limited its holdings in Blakely andApprendi to cases on direct review. Similarly, in Foster, the Ohio Supreme Court restricted retroactive application of its holding to cases on direct review. Appellant's case is before us on appeal from a denial of his petition for post-conviction relief, not from direct appeal. As such, appellant has failed to meet his burden under R.C. 2953.23(A)(1) to file a timely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v.Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399, at ¶ 12. Although the trial court did not specify its reasons for denying appellant's petition, this Court finds that the trial court's denial is proper because the court was not statutorily authorized to entertain the petition because of its untimeliness. See R.C.2953.23(A). See, also, Christian Medicine v. Sobotka (Mar. 12, 1997), 9th Dist. No. 96CA006482. Appellant's second and fourth assignments of error are therefore overruled.
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN NOT GRANTING A HEARING ON [APPELLANT'S] MOTION TO VACATE AND RECONSTRUCT SENTENCE."
 {¶ 13} In his third assignment of error, appellant contends that the trial court erred in denying his motion for post-conviction relief without holding an evidentiary hearing. Given this Court's conclusion that the trial court was without jurisdiction to consider appellant's untimely petition for post-conviction relief, the trial court did not err by failing to hold an evidentiary hearing before dismissing that petition. SeeState v. Sprenz, 9th Dist. No. 22433, 2005-Ohio-1491, at ¶ 15. Appellant's third assignment of error is overruled.
 III. {¶ 14} Appellant's four assignments of error are overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Moore, J. Boyle, J. concur.