OPINION
{¶ 1} Steven K. Savage appeals from the judgment of the Lake County Court of Common Pleas, which denied his petition for post-conviction relief. We affirm.
 {¶ 2} Savage pleaded guilty to one count of rape. The trial court sentenced him to serve seven years in prison and adjudicated him a sexual predator. Savage appealed the sexual predator finding and we affirmed. State v. Savage, 11th Dist. No. 2002-L-036, 2003-Ohio-5220. Savage appealed to the Ohio Supreme Court, which declined jurisdiction on January 21, 2004. On June 22, 2005, Savage filed a petition for post conviction relief pursuant to R.C. 2953.23(A)(1)(a) based on the United States Supreme Court's holding in Blakely v. Washington (2004),124 S.Ct. 2531. The trial court dismissed Savage's petition as being untimely filed. Savage filed a timely appeal and raises four assignments of error for our review:
 {¶ 3} "[1.] IN SUMMARILY DISMISSING THE PETITION FOR POSTC-ONVICTION RELIEF WITHOUT ORDERING AN EVIDENTIARY HEARING THE TRIAL COURT DEPRIVED PETITIONER OF HIS ABSOLUTE RIGHT TO DUE PROCESS OF LAW [UNDER] ARTICLE I SECTION 16 [OF THE] OHIO CONSTITUTION AND [THE] 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 {¶ 4} "[2.] THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION AND COMMITTED PREJUDICIAL ERROR WHEN IT DENIED THE POST-CONVICTION PETITION AND FAILED TO PROCEED TO AN EVIDENTIARY HEARING ON THE ISSUES AND MERITS OF THE CLAIM.
 {¶ 5} "[3.] THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION AND COMMITTED PREJUDICIAL ERROR IN HOLDING THAT THE U.S. SUPREME COURT'S DECISION IN APRRENDI V. NEW JERSEY AND BLAKELY V. WASHINGTON DO NOT APPLY TO OHIO'S SENTENCING SCHEME.
 {¶ 6} "[4.] INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 {¶ 7} Because Savage's first three assignments of error are interrelated, weaddress them together.
 {¶ 8} Under R.C. 2953.21(A)(1)(b)(2), unless an exception set forth in R.C. 2953.23 applies, a petitioner has one-hundred-eighty days from the date the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction to file a petition for post-conviction relief. The transcript in Savage's direct appeal was filed June 17, 2002. Thus, Savage's petition was filed well after the expiration of the one-hundred-eighty day period established by R.C. 2953.21(A)(1)(b)(2). Savage, however, argues his petition was timely under the exception set forth in R.C. 2953.23.
 {¶ 9} R.C. 2953.23 provides in relevant part:
 {¶ 10} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 11} "(1) Both of the following apply:
 {¶ 12} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 13} Savage agues that because the United States Supreme Court decided Blakely more than one-hundred-eighty days after his transcript was filed, his petition falls within this exception to the one-hundred-eighty day rule. We disagree for two reasons.
 {¶ 14} First, the Ohio Supreme Court recently ruled in Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, that certain portions of Ohio's felony sentencing laws were unconstitutional under Blakely. However, the court determined its decision (and thus Blakely) applied only to cases on direct appeal. Further, the United States Supreme Court has not found that Blakely
applied retroactively.
 {¶ 15} Second, Savage cannot demonstrate that, but for a constitutional error, no reasonable factfinder would have found him guilty as there was no factfinder; Savage entered a guilty plea.
 {¶ 16} For these reasons, the trial court did not err in summarily dismissing Savage's petition for post conviction relief, and his first, second, and third assignments of error are without merit.
 {¶ 17} In his fourth assignment of error, Savage argues he received ineffective assistance of trial counsel.
 {¶ 18} Appellant contends his trial counsel was ineffective for failure to raise a "structural defect" in the sentencing process. According to appellant, his counsel failed "to raise, argue and brief the proof beyond a reasonable doubt issue established in McMillian [sic] v. Pennsylvania [(1986),477 U.S. 79] * * *." Appellant fails to elaborate on the "reasonable doubt issue" purportedly established by McMillan.[1]
However, according to appellant, the so-called structural defect "was apparent where the State of Ohio was allowed to lower it's [sic] burden of proving the judicial findings listed under O.R.C.2929.12 and 2929.14 to less [than] beyond a reasonable doubt."
 {¶ 19} Appellant's argument is an obvious attempt to utilize the principles espoused in Blakely without specifically citing the case. Appellant's omission is conspicuous but, in all likelihood, strategic. Appellant pleaded guilty to one count of rape on January 11, 2002. After being adjudicated a sexual predator on February 7, 2002, appellant appealed to this court. This court affirmed the trial court's judgment on September 26, 2003. All of this occurred prior to the release of Blakely.
 {¶ 20} Because Blakely was decided subsequent to appellant's conviction and sentence, trial counsel cannot be held ineffective for his failure to raise the issues animatingBlakely and its progeny. Moreover, appellant cannot raise the issue at this point because the ruling in Foster only applies to pending appeals. Foster at ¶ 104. As appellant's appeal is no longer pending, he is foreclosed from raising this issue.
 {¶ 21} Appellant's fourth assignment of error is without merit.
 {¶ 22} For the foregoing reasons, appellant's assignments of error are without merit, and the judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., concurs, Oneill, J., concurs in judgment only.
[1] In McMillan, the petitioners attacked Pennsylvania's Mandatory Minimum Sentencing Act which required anyone convicted of certain enumerated felonies to serve a mandatory minimum sentence of five years in prison if the sentencing judge found, by a preponderance of the evidence, that the person "visibly possessed a firearm" during the commission of the crime. The petitioners argued that if the state desired to punish "visible possession of a firearm," it must prove this as an element of the offense beyond a reasonable doubt. The United States Supreme Court disagreed holding that states may treat "visible possession of a firearm" as a sentencing consideration rather than an element of an offense. The court determined the reasonable doubt standard was unnecessary because (1) the state legislature expressly indicated firearm possession was not an element of any enumerated crime, but merely a sentencing factor which was relevant only after an offender was found guilty beyond a reasonable doubt; (2) the statute created no presumption of facts essential to guilt nor did it relieve the prosecution's burden of proof; and (3) the statute did not alter the maximum penalty for the offense committed nor create a separate offense, but operated solely to limit the sentencing court's discretion in selecting a penalty. In Foster, supra, the Supreme Court of Ohio analogized the mechanics of R.C. 2929.13(B), the statute governing sentences for fourth and fifth degree felonies, with the mechanics of the statute considered in McMillan. In so doing, the court stated "[the Pennsylvania statute in McMillan required a court] to impose a mandatory minimum prison term if findings were made — yet the court could still have imposed a greater term without the findings. R.C. 2929.13(B)(2)(b) and 2929(B)(2)(a) do not violate Blakely by requiring the sentencing court to make additional findings of fact before increasing a penalty at the fourth or fifth degree felony level." Id. at ¶ 70.