OPINION
{¶ 1} Steven K. Savage appeals from the judgment of the Lake County Court of Common Pleas, which denied his Crim.R. 32.1 motion to correct sentence. We affirm.
 {¶ 2} Savage pleaded guilty to one count of rape. The trial court sentenced him to serve seven years in prison and adjudicated him a sexual predator. Savage appealed the sexual predator finding and we affirmed. State v. Savage, 11th Dist. No. 2002-L-036, 2003-Ohio-5220. Savage appealed to the Ohio Supreme Court, which declined jurisdiction on January 21, 2004. Savage subsequently moved to correct his sentence under Crim.R. 32.1 based on the United States Supreme Court's holding inBlakely v. Washington (2004), 124 S.Ct. 2531. The trial court denied Savage's motion. Savage filed a timely appeal and raises four assignments of error for our review:
 {¶ 3} "[1.] IN SUMMARILY DISMISSING DEFENDANT'S POST-CONVICTION CRIMINAL RULE 32.1 MOTION TO CORRECT SENTENCE WITHOUT ORDERING AN EVIDENTIARY HEARING, THE TRIAL COURT DEPRIVED DEFENDANT OF HIS ABSOLUTE RIGHT TO DUE PROCESS OF LAW [UNDER] ARTICLE 1 SECTION 16 [OF THE] OHIO CONSTITUTION AND [THE]14TH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 {¶ 4} "[2.] THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION AND COMMITTED PREJUDICIAL ERROR WHEN IT DENIED DEFENDANT'S POSTS-ENTENCE CRIMINAL RULE 32.1 MOTION TO CORRECT SENTENCE AND FAILED TO PROCEED TO AN EVIDENTIARY HEARING ON THE ISSUES AND MERITS OF THE CLAIM.
 {¶ 5} "[3.] THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION AND COMMITTED PREJUDICIAL ERROR IN HOLDING THAT THE U.S. SUPREME COURT'S DECISION IN APPRENDI V. NEW JERSEY AND BLAKELY V. WASHINGTON DO NOT APPLY TO OHIO'S SENTENCING SCHEME.
 {¶ 6} "[4.] INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 {¶ 7} Because Savage's first three assignments of error are interrelated, we address them together.
 {¶ 8} Crim.R. 32.1 states, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." By its clear language, Crim.R. 32.1 applies only to a motion to withdraw a guilty plea. It does not allow a trial court to correct a sentence. Savage's motion, as the trial court noted, never sought to withdraw his guilty plea. Further, as we stated in State v. Frazier, 11th Dist. No. 2001-L-052, 2002-Ohio-7132:
 {¶ 9} "* * * once a sentence is executed, `a trial court no longer has the power to modify the sentence except as provided by the General Assembly.' State v. Hayes (1993),86 Ohio App.3d 110 * * *. See, also, State v. Jackson (1997),123 Ohio App.3d 22, 25 * * *. When a sentence involves imprisonment, as is the case here, `the execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch.' State v. Addison (1987), 40 Ohio App.3d 7, 9 * * *. Because there is no statutory authority granting a trial court the power to lessen a sentence after execution, Id., the trial court in the instant matter did not have the authority to consider appellant's motion and properly denied it." Id. at ¶ 5. (Parallel citations omitted.)
 {¶ 10} For these reasons, Savage's first, second, and third assignments of error are without merit.
 {¶ 11} In his fourth assignment of error, Savage argues he received ineffective assistance of trial counsel.
 {¶ 12} Appellant contends his trial counsel was ineffective for failure to raise a "structural defect" in the sentencing process. According to appellant, his counsel failed "to raise, argue and brief the proof beyond a reasonable doubt issue established in McMillian [sic] v. Pennsylvania [(1986),477 U.S. 79] * * *." Appellant fails to elaborate on the "reasonable doubt issue" purportedly established by McMillan.[1]
However, according to appellant, the so-called structural defect "was apparent where the State of Ohio was allowed to lower it's [sic] burden of proving the judicial findings listed under O.R.C.2929.12 and 2929.14 to less [than] beyond a reasonable doubt."
 {¶ 13} Appellant's argument is an obvious attempt to utilize the principles espoused in Blakely without specifically citing the case. Appellant's omission is conspicuous but, in all likelihood, strategic. Appellant pleaded guilty to one count of rape on January 11, 2002. After being adjudicated a sexual predator on February 7, 2002, appellant appealed to this court. This court affirmed the trial court's judgment on September 26, 2003. All of this occurred prior to the release of Blakely on June 24, 2004.
 {¶ 14} Because Blakely was decided subsequent to appellant's conviction and sentence, trial counsel cannot be held ineffective for his failure to raise the issues animatingBlakely and its progeny. Moreover, appellant cannot raise the issue at this point because the ruling in Foster only applies to pending appeals. Foster at ¶ 104. With respect to the sentence in question, appellant's appeal was decided on September 26, 2003. It is accordingly no longer pending and appellant is foreclosed from raising this issue.
 {¶ 15} Appellant's fourth assignment of error is without merit.
 {¶ 16} For the foregoing reasons, appellant's assignments of error are without merit, and the judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., concurs, O'Neill, J., concurs in judgment only.
[1] In McMillan, the petitioners attacked Pennsylvania's Mandatory Minimum Sentencing Act which required anyone convicted of certain enumerated felonies to serve a mandatory minimum sentence of five years in prison if the sentencing judge found, by a preponderance of the evidence, that the person "visibly possessed a firearm" during the commission of the crime. The petitioners argued that if the state desired to punish "visible possession of a firearm," it must prove this as an element of the offense beyond a reasonable doubt. The United States Supreme Court disagreed holding that states may treat "visible possession of a firearm" as a sentencing consideration rather than an element of an offense. The court determined the reasonable doubt standard was unnecessary because (1) the state legislature expressly indicated firearm possession was not an element of any enumerated crime, but merely a sentencing factor which was relevant only after an offender was found guilty beyond a reasonable doubt; (2) the statute created no presumption of facts essential to guilt nor did it relieve the prosecution's burden of proof; and (3) the statute did not alter the maximum penalty for the offense committed nor create a separate offense, but operated solely to limit the sentencing court's discretion in selecting a penalty. In Foster, supra, the Supreme Court of Ohio analogized the mechanics of R.C. 2929.13(B), the statute governing sentences for fourth and fifth degree felonies, with the mechanics of the statute considered in McMillan. In so doing, the court stated "[the Pennsylvania statute in McMillan required a court] to impose a mandatory minimum prison term if findings were made —
yet the court could still have imposed a greater term without the findings. R.C. 2929.13(B)(2)(b) and 2929(B)(2)(a) do not violateBlakely by requiring the sentencing court to make additional findings of fact before increasing a penalty at the fourth or fifth degree felony level." Id. at ¶ 70.