ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated docket is to permit the appellate court to render a brief and conclusory opinion. Crawford v. Eastland Shopping MallAssn. (1983), 11 Ohio App.3d 158.
 {¶ 2} Appellant Charles Bailey, proceeding pro se, appeals from the trial court's denial of his petition for postconviction relief based upon a claim that his sentence was imposed in violation of his right to trial by jury as set forth in Blakelyv. Washington (2004), 542 U.S. 296, and thus his trial counsel provided ineffective assistance for failing to raise this issue.
 {¶ 3} Bailey argues in his four assignments of error that the trial court wrongly determined Blakely is inapplicable to Ohio's sentencing scheme. Bailey's argument is rejected, but not for the reasons set forth by the trial court. Rather, his petition was untimely filed; therefore, the trial court lacked jurisdiction to consider it.
 {¶ 4} Bailey was convicted in two cases consolidated for a jury trial on thirty-six counts that charged him with, inter alia, intimidation, conspiracy, forgery, and theft. The record reflects Bailey represented himself during trial; the court appointed an attorney to aid him. On June 13, 2003 the trial court sentenced him to a total term of incarceration of ten years. Bailey filed no direct appeal of his convictions.
 {¶ 5} On October 25, 2004 Bailey filed his petition for postconviction relief, which challenged his sentence based uponBlakely, and also raised a claim of ineffective assistance of counsel for "trial" counsel's failure to present the issue at the sentencing hearing.
 {¶ 6} In denying Bailey's petition, the trial court noted that this court held the consecutive nature of his sentence constitutional in State v. Adkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666, therefore, neither of his claims had merit.
 {¶ 7} Bailey appealed that decision. Although the Ohio Supreme Court since, at 2006-Ohio-2109, has overruledAdkins-Boozer based upon State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, and although Bailey's assignments of error present an argument that the trial court wrongly denied his petition, this court disagrees. Bailey's petition clearly lacked timeliness as required by R.C. 2953.21(A)(2) and R.C. 2953.23(A)(1).
 {¶ 8} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief, if no direct appeal is taken, must be filed no later than 180 days after the expiration of the time to file an appeal. See App.R. 3(A) and App.R. 4(A). A trial court may not entertain a petition filed outside of that time period unless the petitioner demonstrates compliance with the all of the factors set forth in R.C. 2953.23(A)(1).
 {¶ 9} Bailey apparently sought relief upon a claim that inBlakely, the United States Supreme Court "recognized a new federal or state right that applies retroactively to persons in the petitioner's situation * * *." Unfortunately, such an argument has been rejected, both by this court and other Ohio Appellate Districts. State v. Hughes, Cuyahoga App. No. 85658,2005-Ohio-6237, ¶ 9; State v. Luther, Lorain App. No. 05CA008771, 2006-Ohio-2414, ¶ 12; State v. Jones, Miami App. No. 2005-CA-26, 2006-Ohio-2360, ¶ 18.
 {¶ 10} Since the trial court lacked jurisdiction to consider Bailey's petition, his assignments of error are overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski, P.J. and Anthony O. Calabrese, Jr., J.concur.