OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Robert S. Scuba, appeals the judgment entered by the Geauga County Court of Common Pleas. The trial court denied Scuba's motion to correct his sentence.
 {¶ 2} In 1998, Scuba was convicted of aggravated robbery, in violation of R.C. 2911.01(A)(1), and felonious assault, in violation of R.C. 2903.11(A)(2). In addition, Scuba was convicted of accompanying firearm specifications for both convictions. Scuba was originally sentenced to a ten-year term for the aggravated robbery conviction, a seven-year term for the felonious assault conviction, and a three-year term on the firearm specifications. These sentences were ordered to be served consecutively, resulting in an aggregate prison term of 20 years. Scuba appealed his convictions and sentences to this court. This court affirmed Scuba's convictions, but reversed his sentences and remanded the matter for resentencing.[1] The basis for the reversal was that the trial court failed to adequately state its reasons for imposing the maximum sentence for the aggravated robbery conviction.[2]
 {¶ 3} Upon remand, the trial court resentenced Scuba to a nine-year term on the aggravated robbery conviction, a seven-year term on the felonious assault conviction, and a three-year term on the firearm specifications. These sentences were also ordered to be served consecutively, resulting in an aggregate prison term of 19 years. Scuba appealed the trial court's judgment to this court, and this court affirmed the judgment entry of sentence.[3]
 {¶ 4} In May 2006, Scuba filed a "motion to correct unlawful sentence." The basis of Scuba's motion was that his sentence was unlawful in light of the Supreme Court of Ohio's decision inState v. Foster, which found certain portions of Ohio's sentencing statutes unconstitutional, because they mandated judicial factfinding.[4] Specifically, the Supreme Court of Ohio declared portions of R.C. 2929.14, 2929.19, and 2929.41
unconstitutional, due to the statutes' requirement of judicial factfinding for the imposition of consecutive sentences or a sentence greater than the maximum sentence authorized based solely on facts found by the jury or admitted by the defendant.[5]
 {¶ 5} The state filed a motion in opposition to Scuba's motion to correct his sentence. The state argued that theFoster decision only applied to cases then pending on direct review and that the decision did not apply to Scuba. The trial court denied Scuba's motion to correct his sentence.
 {¶ 6} Scuba raises the following assignment of error:
 {¶ 7} "The trial court erred as a matter of law in refusing to correct the unlawful sentence imposed in violation of the Sixth and Fourteenth Amendments, thereby violating the Due Process and Equal Protection Clauses and furthering the Sixth and Fourteenth Amendment violations."
 {¶ 8} Scuba filed his motion pursuant to Crim.R. 57(B), which provides:
 {¶ 9} "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."
 {¶ 10} In this matter, Scuba sought relief following his conviction. By definition, Scuba sought postconviction relief. As the Supreme Court of Ohio has stated:
 {¶ 11} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."[6]
 {¶ 12} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief must be filed within 180 days of the date the trial transcript is filed with the court of appeals in the direct appeal.[7] However, an exception to the 180-day rule is set forth in R.C. 2953.23, which provides, in part:
 {¶ 13} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 14} "(1) Both of the following apply:
 {¶ 15} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 16} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 17} "(2) [This section concerns the petitioner being actually innocent of the crime as established by DNA evidence. It is not applicable to the case sub judice.]"
 {¶ 18} Scuba's motion was filed well beyond the 180-day time limit provided in R.C. 2953.21(A)(2). The record reveals the trial transcript was filed in his first appeal in October 1998. His motion for postconviction relief was filed in May 2006. Thus, we will address whether one of the exceptions set forth in R.C.2953.23 applies to this matter.
 {¶ 19} The exception delineated in subsection (A)(1)(a) does not apply to this matter. The additional rights described inBlakely v. Washington[8] and State v. Foster[9]
do not apply to individuals in Scuba's situation. Specifically, in United States v. Booker, the United States Supreme Court held that the Blakely Sixth Amendment holding applies to "all cases on direct review."[10] Similarly, the Supreme Court of Ohio, in applying the Blakely decision to Ohio's sentencing scheme, instructed that cases "pending on direct review" be remanded for resentencing hearings.[11] Finally, this court and other appellate courts have limited the Blakely andFoster holdings to cases pending on direct appeal.[12]
Scuba's direct appeals of the trial court's judgment entries were final at the time of the Blakely and Foster decisions. Thus, these holdings do not retroactively apply to individuals in Scuba's situation.
 {¶ 20} Moreover, the criteria in subsection (A)(1)(b) were not satisfied. This prong only concerns errors pertaining to the petioner's guilt or errors pertaining to the imposition of a death sentence. It does not apply to felony sentencing. Since subsections (A)(1)(a) and (A)(1)(b) of R.C. 2953.23 must both be satisfied for the exception to the 180-day period to apply, Scuba would not benefit from this exception, even if it could be argued that the Blakely and Foster holdings should be applied retroactively.
 {¶ 21} Scuba's motion was filed outside of the statutorily mandated 180-day period for filing petitions for postconviction relief. Also, none of the exceptions set forth in R.C. 2953.23
apply to extend that time period. While the trial court did not elaborate or indicate its specific reasons for denying Scuba's motion, the trial court was not authorized to consider the motion due to its untimeliness.[13] The trial court did not err by denying Scuba's motion to correct his unlawful sentence.
 {¶ 22} Scuba's assignment of error is without merit.
 {¶ 23} The judgment of the trial court is affirmed.
Grendell, J., O'Toole, J., concur.
[1] State v. Scuba (Nov. 5, 1999), 11th Dist. No. 98-G-2176, 1999 Ohio App. LEXIS 5232.
[2] Id. at *16-18.
[3] State v. Scuba (Mar. 29, 2002), 11th Dist. No. 2000-G-2308, 2002 Ohio App. LEXIS 1487, at *9.
[4] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[5] Id. at paragraphs one and three of the syllabus.
[6] State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus.
[7] State v. Savage, 11th Dist. No. 2005-L-119,2006-Ohio-3418, at ¶ 8.
[8] Blakely v. Washington (2004), 542 U.S. 296.
[9] State v. Foster, supra.
[10] United States v. Booker (2005) 543 U.S. 220, 267-268.
[11] State v. Foster, at ¶ 104.
[12] State v. Savage, 2006-Ohio-3418, at ¶ 14; State v.Luther, 9th Dist. No. 05CA008771, 2006-Ohio-2414, at ¶ 12; andState v. Lipford, 5th Dist. No. 2006CA00025, 2006-Ohio-4240, at ¶ 12.
[13] State v. Luther, 2006-Ohio-2414, at ¶ 12.