OPINION *Page 2 
{¶ 1} Pro se Appellant Anthony L. Williams appeals the dismissal of his motion for postconviction relief. Appellant was convicted in 1998 of aggravated murder. He filed a delayed petition for postconviction relief in 2006. In his petition he alleged the discovery of new evidence that proved ineffective assistance of trial counsel. The evidence related to trial counsel's thoughts immediately after trial about whether he should have asked for a jury instruction on lesser included offenses. The state filed a motion for summary judgment, and the petition was dismissed. Appellant argues on appeal that he was not given time to respond to the state's motion for summary judgment, and that the trial court should have ordered an evidentiary hearing. The record indicates that Appellant's motion for postconviction relief was untimely, that it stated no basis upon which relief could have been granted, and that Appellant had sufficient time to respond to the state's motion for summary judgment. The trial court was correct in dismissing the motion for postconviction relief, and the judgment of the trial court is affirmed.
 BACKGROUND {¶ 2} Appellant was convicted of aggravated murder in March of 1998. He was sentenced to life in prison. He filed a direct appeal, and we affirmed the conviction and sentence in full. State v. Williams (Mar. 20, 2000), 7th Dist. No. 98 CA 74. On December 6, 2006, Appellant filed a delayed petition for postconviction relief. *Page 3 
The petition alleged that new evidence had been discovered. Attached to the petition were his own affidavit, an affidavit from his trial counsel, and a memo from his counsel dated March 2, 1998.
 {¶ 3} Appellant filed a revised petition on January 11, 2007. The state filed a motion for summary judgment on January 25, 2007. The trial court dismissed the petition on February 9, 2007. This appeal followed on March 13, 2007. The record does not indicate when Appellant was sent notice of the February 9, 2007, judgment, and thus, the appeal is deemed to be timely filed pursuant to App.R. 3(A).
 {¶ 4} For clarity, Appellant's two assignments of error will be treated in reverse order.
 ASSIGNMENT OF ERROR NO. 2 {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANTS [sic] FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION WHEN FAILING TO HOLD A [sic] EVIDENTIARY HEARING ON HIS NEWLY DISCOVERED EVIDENCE CLAIMS."
 {¶ 6} Appellant insists that the trial court should have scheduled an evidentiary hearing because he presented new evidence in support of his petition for postconviction relief. Appellant contends that the trial court could not dismiss the petition without first holding a hearing. However, our review of the record here reflects that no hearing was required in this case. *Page 4 
 {¶ 7} An order dismissing a petition for postconviction relief is reviewed for abuse of discretion. State v. Williams,165 Ohio App.3d 594, 2006-Ohio-617, 847 N.E.2d 495, ¶ 20. A petitioner seeking postconviction relief is not automatically entitled to a hearing prior to the dismissal of the petition. State v. Jackson (1980),64 Ohio St 2d 107, 109-110, 413 N.E.2d 819. The trial court will not grant a hearing or such a petition unless it determines that the files and records of the case demonstrate that a hearing is necessary. R.C. 2953.21(E). In order to make this determination, the trial court must consider the petition, the supporting affidavits, and the files and records in this case. These include, but are not limited to, the indictment, journal entries, clerk's records and transcripts of proceedings. R.C.2953.21(C); State v. Combs (1994), 100 Ohio App.3d 90, 97,652 N.E.2d 205. "To warrant a hearing, a petitioner must first provide evidence which demonstrates a cognizable claim of constitutional error."State v. Hessler, 10th Dist. No. 01 AP-1011, 2002-Ohio-3321, ¶ 33. The petition must demonstrate that the denial or infringement of the petitioner's rights renders the petitioner's conviction and sentence void or voidable under the Ohio or United States Constitutions. Id., citing State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. If the petitioner does not submit evidentiary materials which facially demonstrate a constitutional violation, the court may deny the petition without a hearing. Jackson, supra, at 110.
 {¶ 8} Appellant has not established any grounds for relief under the postconviction relief statute. First, Appellant's petition was not timely filed pursuant to the statute. R.C. 2953.21(A)(2) requires a motion for postconviction relief to be filed *Page 5 
within 180 days after the expiration of the time for filing a direct appeal, or 180 days after the trial transcript is filed with the court of appeals. Appellant's direct appeal was resolved in the year 2000. His motion for postconviction relief was filed years after the 180-day filing deadline had passed. A late motion for postconviction relief may only be entertained by the court if the mandates of R.C. 2953.23(A)(1) are satisfied:
 {¶ 9} "(1) Both of the following apply:
 {¶ 10} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 11} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 12} Appellant's petition contains no information establishing that he was unavoidably prevented from discovery of the facts that form the basis of the petition. The "fact" he claims he belatedly discovered was that his attorney harbored doubts *Page 6 
about failing to ask for a jury instruction on lesser included offenses. Appellant nowhere alleges that he was prevented from obtaining this information at any time. He merely states that his attorney did not send him a suitable affidavit until recently. Attachments to Appellant's own petition refute this as an excuse for filing his petition eight years late. Appellant's petition is not based on counsel's affidavit, but rather, on a memo counsel prepared that is dated March 2, 1998, and which is attached to the petition.
 {¶ 13} Furthermore, even if his petition was timely, it does not establish any right to relief. His claim for relief is based on the theory that he was denied the right to effective assistance of trial counsel. The right to effective assistance of counsel is a constitutional right under the Sixth Amendment. The test for determining whether counsel was constitutionally ineffective is found inStrickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674. The Strickland test has two prongs: (1) appellant must demonstrate that counsel's failure was so serious that he or she ceased to serve as counsel under the Sixth Amendment; and (2) appellant must demonstrate that he was harmed by the error. Harmful error, in this context, means error that affected the outcome of the trial. Id. at 691,104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 14} Appellant's argument of ineffective assistance of counsel is based on nothing but speculation arising from some random ideas that trial counsel put in a memo in 1998. In that memo, counsel appears to be sharing his thought processes shortly after trial. Counsel believed that the jury was unsure whether Appellant *Page 7 
actually shot the victim, and he speculates that, "if we had asked for a lesser included offense, we would have gotten it." Based on this statement, Appellant contends that counsel was ineffective for not asking for a jury instruction on lesser included offenses.
 {¶ 15} Counsel's statement is not a statement of fact or even a correct statement of any law that can be used to grant relief. At best, the memo contains counsel's speculation as to a different possible outcome if the jury had been presented with the possibility of lesser included offenses. Mere speculation is not a basis for relief under R.C.2953.21. State v. Jackson, 11th Dist. No. 2004-T-0089, 2006-Ohio-2651, ¶ 63.
 {¶ 16} If Appellant is attempting to rely on post-verdict sentiments and opinions of individual jurors regarding how they might have responded to a jury instruction on lesser included offenses, this also does not form a basis for relief. It is well-established that a juror's affidavit or testimony regarding the juror's thought processes at trial cannot be used to impeach a verdict. Evid.R. 606(B); State v. Robb
(2000), 88 Ohio St.3d 59, 79, 723 N.E.2d 1019. It is immaterial when Appellant may have discovered what the jurors said after trial regarding their deliberations during trial because those statements cannot be used to invalidate Appellant's conviction.
 {¶ 17} An even more fundamental problem with Appellant's argument is that it could and should have been addressed on direct appeal, but was not. If appellate counsel is different than trial counsel, as is true in this case, then the issue of *Page 8 
ineffective assistance of trial counsel must be raised on direct appeal.State v. Perry (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus; State v. Cole (1982), 2 Ohio St.3d 112,114, 2 OBR 661, 663-664, 443 N.E.2d 169; State v. Lentz (1994),70 Ohio St.3d 527, 530, 639 N.E.2d 784; State v. Pierce (1998),127 Ohio App.3d 578, 585, 713 N.E.2d 498. Failure to raise the issue of ineffective assistance of trial counsel in the direct appeal renders the issue res judicata for purposes of postconviction relief. Cole, supra, at syllabus.
 {¶ 18} There is an exception to the res judicata bar when a defendant presents, "new, competent, relevant and material evidence dehors the record." State v. Cowan, 151 Ohio App.3d 228, 2002-Ohio-7271,783 N.E.2d 955, ¶ 15, quoting State v. Redd (Aug. 31, 2001), 6th Dist. No. L-00-1148. The new evidence must demonstrate substantive grounds for relief. State v. Lynch (Dec. 21, 2001), 1st Dist. No. C-010209.
 {¶ 19} "A petitioner * * * cannot overcome the res judicata bar merely by providing evidence dehors the record. To defeat the application of res judicata, the evidence dehors the record must meet some threshold level of cogency. It must * * * be more than marginally significant, and advance the claim `beyond mere hypothesis and a desire for further discovery.' Thus, it must not be cumulative of or alternative to evidence presented at trial. The evidence `must be more than evidence which was in existence and available to the defendant at the time of the trial and which could and should have been submitted at trial if the defendant wished to make use of it.'" (Citations omitted.)State v. Fears (Nov. 12, 1999), 1st Dist. No. C-990050. *Page 9 
 {¶ 20} In the instant case, the "evidence" submitted by Appellant does not create any new question or issue that could not have been reviewed on direct appeal. First, whether a jury instruction on lesser included offenses should have been given is a matter to be determined on direct appeal. State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 152,666 N.E.2d 1134. Furthermore, failure to request instructions on lesser included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45, 402 N.E.2d 1189, certiorari denied (1980), 449 U.S. 879,101 S.Ct. 227, 66 L.Ed.2d 102. In general, even debatable trial tactics do not form a basis for proving ineffective assistance of counsel.State v Hoffner, 102 Ohio St.3d 358, 2004-Ohio-3430, 811 N.E.2d 48, ¶ 45. Every attorney who fails to procure an acquittal likely has doubts after trial about the tactics used. In this case, those doubts could have been tested on direct appeal. Whether it was even possible to entertain an instruction on lesser included offenses could have been reviewed on direct appeal but was not. Whether counsel should have asked for an instruction on lesser included offenses, based on the evidence actually presented at trial, could have been raised on direct appeal but was not. No outside evidence would change the answers to those questions because they depend entirely on what took place at trial. Therefore, Appellant cannot raise these issues in postconviction relief.
 {¶ 21} Appellant did not file a timely petition for postconviction relief, and even if he had, he did not refer to evidence outside the original trial record that was material to his alleged constitutional error. The issues that underpin his claim for *Page 10 
ineffective assistance of counsel could have been raised in direct appeal and cannot be raised now in postconviction relief proceedings. Therefore, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 1 {¶ 22} "THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANTS [sic] FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION WHEN GRANTING THE STATES [sic] SUMMARY JUDGMENT WITHOUT GIVING APPELLANT THE OPPORTUNITY TO RESPOND."
 {¶ 23} Appellant argues that the trial court ruled on the state's motion to dismiss before he could respond to the motion. Appellee does not specifically address this question, but the answer is fairly obvious from this record. Whether or not the state filed a motion to dismiss or motion for summary judgment, the trial court was required to dismiss the petition if, on its face, it showed that no relief would be possible. See R.C. 2953.21(E) ("Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues[.]") "If the petition is baseless on its face, the trial court need not review the record to establish that dismissal is warranted." State v. McNeill (2000),137 Ohio App.3d 34, 40, 738 N.E.2d 23. Because the petition is baseless on its face, as discussed above, the court was correct in dismissing the petition.
 {¶ 24} Even so, the trial court did not file its judgment for fifteen days after the state filed its motion for summary judgment. The court was permitted to rule on the *Page 11 
motion after fourteen days. Civ.R. 56(C) requires that a motion for summary judgment be served at least fourteen days, "before the time fixed for hearing." Despite the wording of the rule, a trial court may rule on a motion for summary judgment after fourteen days without ever scheduling a hearing. Manor Care Nursing Rehab. Ctr. v. Thomas (1997),123 Ohio App.3d 481, 486, 704 N.E.2d 593. Likewise, a court may rule on a motion for summary judgment after fourteen days, and without notice to the opposing party, if the local rules of court provide adequate notice of the cutoff date for filing responsive motions. Hooten v. Safe AutoIns. Co., 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 35. Mahoning County Local Rule 4(C)(2) provides such notice. Therefore, there is no error in the timing of the trial court's decision here, and Appellant's first assignment of error is overruled.
 {¶ 25} Appellant's assignments of error have no merit and the trial court was correct in dismissing the petition for postconviction relief. The trial court's judgment is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1