[Cite as *State v. Williams*, 2012-Ohio-1475.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 11-MA-24 |
| | ) | |
| ANTHONY LAMONT WILLIAMS, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 97CR925

JUDGMENT:                              Affirmed and Modified

APPEARANCES:

For Plaintiff-Appellee            Paul Gains, Prosecutor
Ralph M. Rivera, Ass't Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant           Timothy Young
Public Defender
Stephen P. Hardwick
Assistant Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

Anthony Lamont Williams – pro se
356-402
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: March 28, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Anthony Williams, appeals from Mahoning County Common Pleas Court judgments resentencing him and overruling his motions to modify the guilty verdict and to arrest judgment.

{¶2} Appellant was convicted of aggravated murder with a firearm specification in 1998 following a jury trial. In his direct appeal, we set out the following facts.

{¶3} "During the evening hours of September 21, 1997 and the early morning hours of September 22, 1997, appellant gathered together a group of individuals amongst which were Tracy Fears, Brian Thomas and Semmie Shorter. It is disputed as to whether Gerald Hardaway was also a member of the group. The group was formed in order to exact revenge upon Chris Chapman who was believed to have killed appellant's cousin on September 16, 1997. In that Chapman was known to frequent his girlfriend's residence, the group had showered her house with bullets the prior evening. However, since neither Chapman nor his girlfriend were injured or killed in that attack, the group devised a more thorough plan in order to avenge the death of appellant's cousin.

{¶4} "It was decided that the group would firebomb the residence where Chapman and his girlfriend were staying in an attempt to force the individuals from the house. Once the two fled the burning structure, the group would then shoot them. In preparation of this plan, the group obtained ski masks from Wal-Mart. Additionally, firebombs were prepared and guns were gathered. The group entered appellant's van and set off to put their plan into effect. At some point in time during the course of the above described events, Antwon Stroughn joined the group.

{¶5} "When the group arrived in the vicinity of the targeted house, appellant parked the van and the group exited the vehicle with their guns and firebombs. While walking to the site where the plan was to be carried out, Stroughn advised the group that he no longer wished to be involved in the plan. Upon making this decision to abandon the plan, Stroughn was advised that he would be killed if he refused to assist in the firebombing and shooting. Subsequently, both appellant and Shorter

shot Stroughn a number of times which resulted in his death. There is some testimony on record which suggests that while the group did not complete their plan, they did nonetheless fire shots at the targeted residence prior to fleeing the area. Stroughn was found dead the next day with a total of four bullet wounds." *State v. Williams*, 7th Dist. No. 98-CA-74, 2000 WL 309390, *1 (Mar. 20, 2000).

{¶6} The trial court sentenced appellant to life in prison with eligibility for parole after serving 20 years for the aggravated murder conviction and a three year prison term for the firearm specification to be served prior to and consecutive to the life sentence.

{¶7} Appellant appealed from his conviction arguing (1) the trial court should not have instructed the jury on transferred intent, (2) the jury's verdict was against the weight of the evidence, and (3) the court erred by allowing prejudicial photographs into evidence. This court overruled appellant's assignments of error and affirmed his conviction.

{¶8} Over six years later, appellant filed a delayed petition for postconviction relief. The trial court dismissed his petition. On appeal, this court affirmed the dismissal. *State v. Williams*, 7th Dist. No. 07-MA-57, 2008-Ohio-1187.

{¶9} On December 21, 2010, appellant filed a pro se motion for resentencing arguing that his sentence was void because the trial court failed to state a term of postrelease control. On January 21, 2011, appellant filed a pro se motion to modify the guilty verdict and a pro se motion to arrest judgment.

{¶10} The trial court held a hearing on January 21, 2011, where it advised appellant that he was subject to five mandatory years of postrelease control. Appellant's sentence remained the same. The court entered a judgment accordingly.

{¶11} The court held another hearing on January 28, 2011, to address appellant's other motions. The motions alleged that (1) the trial court lacked jurisdiction over appellant because the indictment did not charge him with the element of transferred intent and (2) that the verdict form did not contain the

aggravating elements of the offense and, therefore, the court was required to find him guilty of the lesser offense of murder. The trial court overruled these motions.

**{¶12}** Appellant filed a timely notice of appeal from the new sentencing judgment as well as from the judgment overruling his other motions.

**{¶13}** Appellant's appointed counsel raises a single assignment of error, which states:

**{¶14}** "THE TRIAL COURT ERRED BY ADDING POSTRELEASE CONTROL TO AN AGGRAVATED MURDER SENTENCE."

**{¶15}** Appellant argues that the Ohio Supreme Court has ruled that postrelease control does not attach to a sentence for only aggravated murder with a firearm specification. Thus, he asks this court to modify his sentence to strike the imposition of postrelease control.

**{¶16}** Plaintiff-appellee, the State of Ohio, has filed a confession of judgment as to this assignment of error.

**{¶17}** In *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶36, the Ohio Supreme Court stated:

**{¶18}** "[A]n individual sentenced for aggravated murder * * * is not subject to postrelease control, because that crime is an unclassified felony to which the postrelease-control statute does not apply."

**{¶19}** Likewise this court has held:

**{¶20}** "[T]he post-release control statute applies only to felonies of the first, second, third, fourth, and fifth degree. See R.C. 2967.28(B), (C). Aggravated murder is an unclassified felony whereby the defendant is either ineligible for parole or becomes eligible for parole after serving a certain amount of years in prison. See R.C. 2929.03(A)(1); 2967.13(A)." *State v. Young*, 7th Dist. No. 09-MA-100, 2011-Ohio-2646, ¶68.

**{¶21}** The trial court should not have imposed a period of postrelease control on appellant since he was convicted of aggravated murder with a firearm specification and no other offenses.

**{¶22}** As to the proper remedy to apply, we have previously stated that because a sentence that includes an unauthorized term of post-release control is unlawful and void, a de novo sentencing hearing is required. *Young,* at ¶70. In so finding, we relied on *State v. Crockett*, 7th Dist. No. 07MA233, 2009-Ohio-2894, ¶9.

**{¶23}** Since *Crockett* was decided, however, the Ohio Supreme Court decided *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Court held that the new sentencing hearing to which an offender is entitled after not being properly informed regarding the imposition of postrelease control (pursuant to *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250) is limited to the proper imposition of postrelease control. *Id.* at paragraph two of the syllabus. The Court went on to hold that when a trial court fails to impose statutorily mandated postrelease control as part of a defendant's sentence, only that part of the sentence is void and must be set aside. *Id.* at ¶26. The remainder of the defendant's sentence stays in effect.

**{¶24}** As such, in the present case appellant is not entitled to a de novo sentencing hearing. See, *State v. Silguero*, 10th Dist. No. 11AP-274, 2011-Ohio-6293; *State v. Evans*, 8th Dist. No. 95692, 2011-Ohio-2153. Instead, appellant is simply entitled to a corrected judgment entry deleting any mention of postrelease control. Pursuant to our authority under App.R. 12(A)(1)(a) to affirm, modify, or reverse the judgment appealed, we will modify appellant's sentence to delete the reference to postrelease control.

**{¶25}** Accordingly, appellant's counsel's assignment of error has merit.

**{¶26}** Appellant has also filed a pro se supplemental brief in which he raises three additional assignments of error. All of appellant's pro se assignments of error are barred by the doctrine of res judicata. "'Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.'" *State v. Green*, 7th Dist. No. 10-MA-43, 2010-Ohio-6271, ¶26, quoting *State v. Perry*,

10 Ohio St.2d 175, 180 (1967). The issues appellant now raises could have been raised in his direct appeal.

{¶27} Appellant's first pro se assignment of error states:

{¶28} "APPELLANT ANTHONY L. WILLIAMS' RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL PROTECTED UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WAS VIOLATED DURING HIS RE [sic.] SENTENCING HEARING AND THEREAFTER IN A SUBSEQUENT HEARING FOR COUNSEL'S FAILURE TO FILE A TIMELY MOTION TO ARREST THE JUDGMENT FOURTEEN DAYS AFTER THE VERDICT WAS RENDERED, AS THE INDICTMENT, INFORMATION, OR COMPLAINT FOUND BY THE PRESENTMENT OF THE MAHONING COUNTY GRAND JURY DID NOT CHARGE AN OFFENSE THAT MR. WILLIAMS PLANNED WITH INTENT TO KILL CHRIS CHAPMAN AND CHEREE MOORE WITH PRIOR CALCULATION AND DESIGN THAT WAS TRANSFERRED TO THE DEATH OF ANTWON STROUGHN, THAT THE TRIAL COURT WAS WITHOUT SUBJECT MATTER JURISDICTION OF, RENDERING THE CONVICTION, SENTENCE AND JUDGMENT UNDER THIS DESCRIPTION, NULL AND VOID."

{¶29} Appellant argues that his trial counsel was ineffective during his resentencing hearing and his subsequent motion hearing because counsel should have filed a motion to modify the guilty verdict and a motion to arrest judgment within 14 days after trial based on a faulty indictment. Had counsel done so, appellant alleges, there was a reasonable probability that the trial court would have granted these motions. Appellant goes on to argue that his was not a case of transferred intent and he is not guilty of planning to kill Stroughn with prior calculation and design.

{¶30} The alleged defect with appellant's indictment would have been apparent at trial and could have been raised in appellant's direct appeal. Likewise, a claim that trial counsel was ineffective for failing to file a motion to modify the guilty verdict and a motion to arrest judgment on this basis would have been apparent and

appellate counsel could have raised it in appellant's direct appeal. Notably, appellant's trial counsel and appellant's appellate counsel were different attorneys.

**{¶31}** Appellant's second pro se assignment of error states:

**{¶32}** "THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT ANTHONY L. WILLIAMS' RIGHT TO DUE COURSE OF LAW UNDER ARTICLE I §16 OF THE OHIO CONSTITUTION AND HIS RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION DURING A SUBSEQUENT HEARING WHEN IT DENIED HIS MOTION TO ARREST THE JUDGMENT AS NOT HAVING JURISDICTION EVEN THOUGH IT RETAINED JURISDICTION TO CORRECT A VOID SENTENCE AND WAS AUTHORIZED TO DO SO WHEN ITS ERROR WAS APPARENT."

**{¶33}** As to appellant's motions, the trial court concluded that because they raised issues that could have been raised on direct appeal, it was without jurisdiction to consider them. Appellant now argues that the trial court's conclusion that it did not have jurisdiction to address his motions was an unreasonable one warranting a reversal.

**{¶34}** Appellant contends that the jury's verdict form was void because it did not contain the aggravating elements of prior calculation and design. He relies on the Ohio Supreme Court's holding in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, at the syllabus:

**{¶35}** "Pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense."

**{¶36}** *Pelfrey* was not decided until well after appellant's direct appeal was decided. So arguably he was unaware of this requirement at the time of his direct appeal. But if anything, this would be an issue for postconviction relief.

**{¶37}** Appellant's third pro se assignment of error states:

{¶38} "APPELLANT ANTHONY L. WILLIAMS['] RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL PROTECTED UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WAS VIOLATED DURING A SUBSEQUENT HEARING FOR COUNSEL'S FAILURE TO FILE A TIMELY MOTION TO MODIFY THE GUILTY VERDICT TO THE LEAST DEGREE OF THE OFFENSE DUE TO THE VERDICT FORM SIGNED BY THE JURY FOR FAILURE TO INCLUDE EITHER THE DEGREE OF SUBSECTION (A) OF THE AGGRAVATED MURDER OFFENSE OR A STATEMENT THAT AN AGGRAVATED ELEMENT ON THE DOCTRINE OF TRANSFERRED INTENT AND COMPLICITY HAS BEEN CONSIDERED AND FOUND DEFENDANT GUILTY OF ALL ESSENTIAL ELEMENTS OF AGGRAVATED MURDER."

{¶39} Here appellant argues that his trial counsel was ineffective for failing to file a motion to modify the guilty verdict to the lesser degree of aggravated murder because the verdict form signed by the jurors did not contain the degree of the offense of aggravated murder, did not include language on transferred intent, and did not include language on aiding and abetting.

{¶40} If there was an error with the jury's verdict form, this issue should have been addressed in appellant's direct appeal. And as discussed above, because *Pelfrey* was not decided until well after appellant's direct appeal was decided, trial counsel could not have been ineffective for failing to raise this issue. Like the previous issue, this too would be more appropriately addressed in a postconviction petition.

{¶41} Accordingly, appellant's three pro se assignments of error are barred by the doctrine of res judicata.

{¶42} For the reasons stated above, appellant's conviction is hereby affirmed and the trial court's judgment is modified to delete the reference to postrelease

control.

Vukovich, J., concurs.

Waite, P.J., concurs.