[Cite as *State ex rel. Williams v. Goodrich*, 2013-Ohio-3474.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO<br>ex rel. ANTHONY L. WILLIAMS, | : | **O P I N I O N** |
| | : | |
| Petitioner-Appellant, | : | **CASE NO. 2012-A-0060** |
| | : | |
| - vs - | : | |
| | : | |
| BARRY GOODRICH, WARDEN, | : | |
| | : | |
| Respondent-Appellee. | | |

Civil Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2012 CV 708.

Judgment: Affirmed.


*Anthony L. Williams*, pro se, PID: A356402, Lake Erie Correctional Institution, P.O. Box 8000, Conneaut, OH 44030 (Petitioner-Appellant).

*Mike DeWine*, Ohio Attorney General, and *Maura O'Neill Jaite*, Senior Assistant Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondent-Appellee).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Anthony L. Williams, appeals the judgment of the Ashtabula County Court of Common Pleas granting appellee, Warden Barry Goodrich's, motion to dismiss appellant's petition for writ of habeas corpus, pursuant to Civ.R. 12(B)(6). Based on the following, we affirm.

{¶2} On December 5, 1997, appellant was indicted for aggravated murder, in violation of R.C. 2903.01(A), with a firearm specification pursuant to R.C. 2941.145(A).

The indictment stated, in part, that "on or about September 22, 1997, at Mahoning County, [appellant] did purposely, and with prior calculation and design, cause the death of Antwon Stroughn. In violation of Section 2903.01(A) of the Revised Code, a Felony, against the peace and dignity of the State of Ohio."

{¶3} Following a jury trial, appellant was found guilty of the aggravated murder charge and firearm specification; subsequently, appellant was sentenced to life in prison with parole eligibility after 20 years for the aggravated murder conviction and a mandatory, three-year, prior and consecutive prison sentence on the firearm specification.

{¶4} Appellant timely appealed his conviction, which was affirmed by the Seventh Appellate District. On appeal, appellant argued: (1) the trial court should not have instructed the jury on transferred intent, (2) the jury's verdict was against the weight of the evidence, and (3) the court erred by allowing prejudicial photographs into evidence. *State v. Williams*, 7th Dist. No. 98 CA 74, 2000 Ohio App. LEXIS 1233 (Mar. 20, 2000). Appellant then sought review by the Ohio Supreme Court, which was dismissed sua sponte. *State v. Williams*, 89 Ohio St.3d 1454 (2000).

{¶5} Six years later, appellant filed a delayed petition for postconviction relief, which was dismissed by the trial court. On appeal, the Seventh Appellate District affirmed the dismissal. *State v. Williams*, 7th Dist. No. 07-MA-57, 2008-Ohio-1187.

{¶6} On December 21, 2010, appellant filed a pro se motion for resentencing arguing that his sentence was void, as the trial court failed to state the term of post-release control. Appellant then filed a pro se motion to modify the guilty verdict and a pro se motion to arrest judgment. Subsequently, the trial court held a hearing, where it

2

advised appellant that he was subject to a five-year mandatory period of post-release control.

{¶7} The trial court held an additional hearing on January 28, 2011, to address appellant's other motions, which alleged: (1) the trial court lacked jurisdiction over appellant because the indictment did not charge him with the element of transferred intent; and (2) the verdict form did not contain the aggravating elements of the offense and, as a result, the court was required to find him guilty of the lesser offense of murder. The trial court overruled such motions.

{¶8} Appellant filed a notice of appeal from the new sentencing judgment as well as from the judgment overruling his other motions. On appeal, appellant, represented by appointed counsel, assigned a single error asserting that the trial court erred by adding post-release control to an aggravated murder sentence. *State v. Williams*, 7th Dist. No. 11-MA-24, 2012-Ohio-1475. The Seventh Appellate District found merit in appellant's assigned error and modified his sentence to delete the reference to post-release control. *Id.* at ¶42.

{¶9} In this same appeal, appellant, acting pro se, assigned three additional assignments of error relating to his indictment and the verdict form. *Id.* at ¶27-41. The Seventh Appellate District held these assigned errors were barred by the doctrine of res judicata. *Id.*; discretionary appeal not allowed by *State v. Williams*, 132 Ohio St.3d 1425, 2012-Ohio-2729.

{¶10} Appellant filed a petition for a writ of habeas corpus in the Ashtabula County Common Pleas Court challenging both his indictment and the jury verdict form. In his petition, appellant alleges the trial court lacked "subject matter jurisdiction in the absence of an indictment found by the present of the Mahoning County Grand Jury

3

charging [him] with a plan to kill Chris Chapman and Cheree Moore with prior calculation and design that transferred the intent of that scheme to the death of Antwon Stroughn[.]" Appellant also contends, citing to *State v. Pelfrey*, that the jury verdict form was void as it did not contain the aggravating elements of prior calculation and design. 112 Ohio St.3d 422, 2007-Ohio-256.

{¶11} Appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6), which was granted by the trial court.

{¶12} Appellant filed a timely notice of appeal and asserts the following assigned errors:

{¶13} [1.] The court committed prejudicial error to the prejudice of appellant Anthony L. Williams' right to prosecute a writ of habeas corpus petition as being defective * * * denying him redress of grievance under Article 1 §16 of the Ohio Constitution and Equal Protection of the law under the Fourteenth Amendment of the United States Constitution for failure to attach the commitment papers although it was exhibited to the petition as Respondent Goodrich in its motion for leave to reply had made a confession of judgment withdrawing its exerted defenses regarding Williams' commitment papers stating neither the clerk's office, nor the warden had previously served respondent's counsel with appellant's exhibits alleging that after additional searching the (Warden) now concedes that Williams properly attached his commitment papers to his habeas petition as Exhibit D and the petition was not procedurally defective.

4

{¶14} [2.] The court further committed prejudicial error to the prejudice of Appellant Williams denying him redress of grievance under Article I §16 of the Ohio Constitution and Equal Protection of the Law under the Fourteenth Amendment of the United States Constitution when it prematurely applied the doctrine of res judicata in a habeas corpus proceeding without adjudicating the merits of the complaint in determining if whether the doctrine should have been applied * * * due to there being no indictment found by the Mahoning County grand jury charging Mr. Williams with a plan to kill Chris Chapman and Cheree Moore with prior calculation and design that transferred the intent from that scheme to the death of Antwon Stroughn even after a confession of judgment was given by respondent (state of Ohio) from the face of the record relieving appellant of the initial aggravated murder charge against Mr. Stroughn and of the transferred intent element.

{¶15} For ease of discussion, we address appellant's assigned errors in a consolidated fashion.

{¶16} Habeas corpus is an available remedy only in "certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, *e.g.*, appeal or postconviction relief." *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186 (1995), citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 (1994). "Additionally, habeas corpus lies only if the petitioner is entitled to immediate release from confinement." *Jackson* at 188, citing *Pewitt v. Lorain Corr.*

5

*Inst*, 64 Ohio St.3d 470, 472 (1992); R.C. 2725.17.  Appellate review of a trial court's judgment dismissing a claim pursuant to Civ.R. 12(B)(6) is de novo.  *West v. Sheets,* 11th Dist. No. 2001-L-183, 2002-Ohio-7143.

{¶17} Here, appellant had an adequate remedy at law in the form of a direct appeal and/or postconviction petition for relief.  In dismissing his petition for habeas corpus, the trial court correctly found the doctrine of res judicata applicable.  Both of appellant's arguments with respect to the indictment and jury verdict form are barred by the doctrine of res judicata.  *See State v. Pesci*, 11th Dist. No. 2011-L-057, 2011-Ohio-6211, quoting *State v. Hines*, 193 Ohio App.3d 660, 2011-Ohio-3125, ¶16 (3d Dist.).  ("[A]lthough *State v. Pelfrey* [112 Ohio St.3d 422, 2007-Ohio-256] was released after appellant's conviction and direct appeal, the doctrine of res judicata is still applicable. '[T]he Supreme Court of Ohio made it clear that its decision in *Pelfrey* did not make "new" law, but simply applied R.C. 2945.75 as the Ohio General Assembly had expressly written it.'")

{¶18} As stated by the Supreme Court of Ohio in *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus:

{¶19} Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment.  (Emphasis sic.)

6

{¶20} Appellant has filed numerous appeals, petitions for postconviction relief, and original actions.[1] Appellant is foreclosed from raising these issues, as he raised or could have raised these issues related to the jury verdict form and the indictment in his direct appeal.

{¶21} We find no reason that appellant is entitled to the extraordinary and extreme form of relief requested, i.e., immediate release from the custody of the state. Therefore, viewing the facts in the light most favorable to appellant, we find that he has failed to state a claim upon which relief can be granted.

{¶22} Based on the foregoing, appellant's assignments of error are without merit. The judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.

DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

---

1. *State v. Williams*, 7th Dist. No. 98 CA 74, 2000 Ohio App. LEXIS 1233 (Mar. 20, 2000); appeal denied by *State v. Williams*, 98 Ohio St.3d 1474, 2003-Ohio-904; writ of habeas corpus denied by *Williams v. Bagley*, 166 Fed. Appx. 176 (6th Cir.2006); post-conviction proceeding at *State ex rel. Williams v. Krichbaum*, 7th Dist. No. 07-MA-61, 2007-Ohio-3037; post-conviction relief dismissed at *State v. Williams*, 7th Dist. No. 07-MA-57, 2008-Ohio-1187; reconsideration denied by *State v. Williams*, 2008-Ohio-2267; subsequent appeal at *State v. Williams,* 7th Dist. No. 11-MA-24, 2012-Ohio-1475; discretionary appeal not allowed by *State v. Williams*, 132 Ohio St.3d 1425, 2012-Ohio-2729; writ of certiorari denied at *Williams v. Bradshaw*, 549 U.S. 922 (2006).