The STATE of Ohio, Appellee,

v.

COWAN, Appellant.

[Cite as State v. Cowan, 151 Ohio App.3d 228, 2002-Ohio-7271.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2001–P–0109.

Decided Dec. 27, 2002.

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Michele A. Stuck, Assistant Prosecuting Attorney, for appellee.

Mentzer, Vuillemin & Mygrnat, Ltd., and Erik M. Jones, for appellant.

DONALD R. FORD, Judge.

{¶ 1} Appellant, Janice E. Cowan, appeals from the August 1, 2001 judgment entry of the Portage County Municipal Court, Ravenna Division, dismissing her petition for post-conviction relief for lack of jurisdiction.

{¶ 2} Subsequent to a bench trial, in a January 12, 2001 judgment entry, the trial court found appellant guilty of domestic violence, a violation of R.C. 2919.25(A), and a misdemeanor of the first degree. On February 6, 2001, appellant was sentenced to 30 days in county jail and fined $200, plus costs. The jail time and $100 of the fine were suspended on the condition that appellant not have a similar offense for one year. Appellant appealed from the trial court's judgment, which we affirmed in *State v. Cowan* (Dec. 7, 2001), 11th Dist. No. 2001–P–0028, 2001 WL 1561788.

{¶ 3} At some point, appellant filed a petition for post-conviction relief.[1] In an August 1, 2001 judgment entry, the trial court dismissed appellant's petition for lack of jurisdiction. Appellant has filed a timely appeal of this dismissal of her petition for post-conviction relief and makes the following assignments of error:

{¶ 4} "[1.] The trial court erred by dismissing appellant's petition for post-conviction relief for lack of jurisdiction.

{¶ 5} "[2.] The trial court erred by dismissing appellant's petition for post-conviction relief."

---

1. This petition is not part of the transcript submitted to this court in connection with the instant matter.

{¶ 6} In her first assignment of error, appellant argues that the trial court improperly dismissed her petition for post-conviction relief for lack of jurisdiction. R.C. 2953.21(A)(1) provides:

{¶ 7} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *"

{¶ 8} In *Dayton v. Hill* (1970), 21 Ohio St.2d 125, 128, 50 O.O.2d 328, 256 N.E.2d 194, the Supreme Court of Ohio addressed the issue of whether a petition for post-conviction relief could be filed in municipal court as the result of a conviction and sentence for violating a municipal ordinance. In concluding that municipal courts lacked jurisdiction to consider such petitions, the Supreme Court observed that the sole language in the relevant statute that suggested that a post-conviction petition could be filed in municipal court was the term "criminal offense." The Supreme Court further noted that "no logical or reasonable procedure [had] been provided for the handling of post-conviction petitions filed in a Municipal Court as the result of a conviction and sentence for violating a municipal ordinance." Id. In this context, the court pointed out that R.C. 2953.21(B) requires the clerk of the court in which the petition is filed to immediately forward a copy of the petition to the prosecuting attorney of that county. This court would note that in those municipalities that have a prosecutor's office independent of the county prosecutor, there is no requirement in R.C. 2953.21 requiring a copy of the petition to be filed with the municipal prosecutor.

{¶ 9} In *State v. Poole* (Sept. 26, 1990), 3d Dist. Nos. 1–89–47, 1–89–48 and 1–89–49, 1990 WL 142005, the appellant had been convicted of violations of R.C. 2929.25(A), R.C. 2919.27(A), and a violation of the codified ordinances of the city of Lima. Based on the Supreme Court decision in *Hill,* the Third Appellate District held that petitions for post-conviction relief may be entertained by a court of common pleas and that "[n]o authority is vested in the municipal court to review any convictions pursuant to the Postconviction Remedy Act, be they under the provisions of state statutes or municipal ordinances." Id. at * 1.

{¶ 10} The Second Appellate District addressed this issue in *State v. Reyland* (Feb. 5, 1999), 2d Dist. No. 17328, 1999 WL 89938. In *Reyland,* the appellant had been convicted of a violation of R.C. 2953.21. In concluding that municipal courts do not have jurisdiction to entertain petitions for post-conviction relief, the *Reyland* court observed that such jurisdiction was "not among those matters

identified in R.C.1901.18 or R.C.1901.20, which respectively specify the civil and criminal jurisdiction of the municipal courts." Id. at * 2.

{¶ 11} This court is in accord with the Second and Third Appellate Districts' conclusion that petitions for post-conviction relief are not available to those persons prosecuted in a municipal court for a violation of a state statute. We adopt this position not solely because of the failure of R.C. 2953.21 to set forth a procedure for such a petition, but because we are also concerned with the inordinate burden that such petitions would place on a municipal court system that has not been provided with the means or procedures to process such petitions.[2]

{¶ 12} In view of the preceding analysis, we conclude that appellant's first assignment of error is without merit and that the trial court lacked jurisdiction to hear this matter. Because the trial court did not have jurisdiction to hear this matter, appellant's second assignment of error is moot. Nevertheless, we will address the merits of appellant's second assignment of error.

{¶ 13} In her second assignment of error, appellant raises issues relating to the ineffectiveness of her trial counsel. Before addressing these issues, we must first determine whether they are res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an *appeal* from that judgment." (Emphasis added.) *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus. Typically, a claim of ineffective assistance of trial counsel should be raised on the appellant's direct appeal. However, there are exceptions to this rule.

{¶ 14} Res judicata does not apply to an ineffective-assistance-of-counsel argument when the appellant's trial counsel and appellate counsel are the same, due to the lawyer's inherent conflict of interest. *State v. Lentz* (1994), 70 Ohio St.3d 527, 530, 639 N.E.2d 784. In the instant matter, appellant's trial counsel was identified in the trial court's August 1, 2001 judgment entry as Attorney Kehres. On her direct appeal, appellant was represented by Attorney James Reardon. Since appellant was represented by different counsel at trial and on appeal, she should have raised her claim of ineffective assistance of trial counsel

---

2. The Fifth Appellate District has held, to the contrary, that a post-conviction petition may be filed in municipal court. *State v. Dunlap* (Oct. 23, 1997), 5th Dist. No. 97–CA–53, 1997 Ohio App. LEXIS 4954, at * 3.

in her direct appeal. *State v. Pierce* (1998), 127 Ohio App.3d 578, 585, 713 N.E.2d 498.

{¶ 15} An additional exception to res judicata exists when a defendant presents "new, competent, relevant and material evidence dehors the record." *State v. Redd* (Aug. 31, 2001), 6th Dist. No. L–00–1148, 2001 WL 1001182, at * 1, citing *State v. Smith* (1985), 17 Ohio St.3d 98, 17 OBR 219, 477 N.E.2d 1128. The outside evidence must meet a threshold level of cogency. *State v. Lynch* (Dec. 21, 2001), 1st Dist. No. C–010209, 2001 WL 1635760, at * 3. "[Such evidence] must be 'competent, relevant and material' to the claim, be more than marginally significant, and advance the claim 'beyond mere hypothesis and a desire for further discovery.' * * * Thus, it must not be cumulative of or alternative to evidence presented at trial." (Citations omitted.) *State v. Fears* (Nov. 12, 1999), 1st Dist. No. C–990050, 1999 WL 1032592, at * 3; *State v. Lawson,* 10th Dist. No. 02AP–148, 2002-Ohio-3329, at ¶ 15. Further, "the evidence dehors the record must not be evidence which was in existence and available for use at the time of trial and which could and should have been submitted at trial if the defendant wished to use it." *State v. Slagle* (Aug. 10, 2000), 8th Dist. No. 76834, 2000 WL 1144947, at * 3.

{¶ 16} In the instant matter, appellant fails to identify any new evidence with respect to the conduct of the trial that would overcome res judicata. In her appellate brief, she identifies three bases for her claim that she received ineffective assistance of counsel: (1) trial counsel failed to present evidence that John Cowan ("the victim") had been receiving treatment for psychological problems; (2) trial counsel was not prepared for trial; and (3) appellant was not prepared for trial. Appellant does not contend that the evidence supporting her contentions of ineffective assistance of trial counsel was unavailable at the time of her direct appeal. Further, all of these claims relate to her assertion that when she assaulted the victim, she was acting in self-defense. We would note that the sole issue on appellant's direct appeal was whether the trial court's determination that appellant did not act in self-defense was against the manifest weight of the evidence, and that her claim of self-defense was fully litigated. Therefore, we conclude that the issues that appellant raised in her brief with respect to the trial court's denial of her petition for post-conviction relief are barred by res judicata, and appellant's second assignment of error is without merit.

{¶ 17} For the foregoing reasons, the judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.

Judgment affirmed.

234

ROBERT A. NADER, J., concurs.

DIANE V. GRENDELL, J., concurs separately.

DIANE V. GRENDELL, Judge, concurring.

{¶ 18}   I concur with the majority's decision to affirm the lower court's ruling in this case on the grounds that the trial court lacked jurisdiction to hear this matter.   I also concur with the majority's determination that the trial court's lack of jurisdiction renders appellant's second assignment of error moot.   I do not agree with the majority's decision to address the merits of appellant's second assignment of error.   With this exception, I concur with the ultimate decision to affirm.