[Cite as *State v. Holnapy*, 2013-Ohio-4307.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-002** |
| JON W. HOLNAPY, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 09 CR 000692.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Jon W. Holnapy,* pro se, PID: A584674, Lake Erie Correctional Institution, P.O. Box 8000, Conneaut, OH 44030 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Jon W. Holnapy, appeals the judgment of the Lake County Court of Common Pleas denying his untimely petition for post-conviction relief following his conviction by a jury of operating a motor vehicle under the influence of alcohol ("OVI"). At issue is whether the trial court abused its discretion in denying appellant's petition. For the reasons that follow, we affirm.

{¶2} Appellant was indicted for operating a motor vehicle under the influence of alcohol, a felony of the fourth degree, with a specification that he had previously been convicted of five or more OVI offenses within the last 20 years. Appellant pled not guilty. The case proceeded to jury trial.

{¶3} The evidence revealed that, on September 28, 2009, while appellant was attempting to enter the parking lot of the Lake County Department of Job and Family Services ("JFS") in downtown Painesville, he hit a yellow concrete pole at the entrance. He backed up and then drove forward again, crashing into the pole a second time. He then backed up again, entered the parking lot, and parked his car. He exited his car and walked along the side of the building staggering. As he was walking away, he kept turning around, throwing his arms up in the air, and talking out loud to himself.

{¶4} A witness called the police and reported the crash, giving appellant's direction on foot and describing him as apparently intoxicated.

{¶5} Two Painesville police officers were dispatched to JFS. Upon their arrival, they saw appellant swaying, walking side to side on the sidewalk, and stumbling. Appellant pointed out his car and admitted he was driving when it crashed. The officers said appellant's eyes were bloodshot and his speech was slurred. Appellant said he had three beers within the last hour. He also said that he was on Percocet at the time; that his last dose was a few hours earlier; and that he was surprised the beers affected him the way they did. Both officers said that, in their opinion, appellant was under the influence.

2

{¶6}   The officers asked appellant to perform field sobriety tests and a breathalyzer test, but he refused.  They also detected an odor of alcoholic beverage coming from appellant.

{¶7}   Both officers testified that appellant did not appear to be injured, complain of any injury, or request any medical attention. They also said he answered their questions appropriately and did not appear to be confused.

{¶8}   The parties stipulated that appellant has been convicted of five OVI offenses within the last 20 years.

{¶9}   The jury returned its verdict finding appellant guilty of OVI as charged with the specification.  The trial court sentenced appellant to 24 months for the OVI and three years on the specification, the terms to be served consecutively, for a total sentence of five years in prison.

{¶10}   Appellant appealed his conviction and this court affirmed his conviction in *State v. Holnapy*, 194 Ohio App.3d 444, 2011-Ohio-2995 (11th Dist.), *discretionary appeal not allowed by the Supreme Court of Ohio at* 130 Ohio St.3d 1478, 2011-Ohio-6124 and 2012-Ohio-4021, 2012 Ohio LEXIS 2147 (Sep. 5, 2012).

{¶11}   About two years after appellant filed his direct appeal, he filed a "delayed" petition for post-conviction relief in the trial court based on alleged newly discovered evidence.  In his affidavit, he said his trial counsel was ineffective.  In support, appellant said that, prior to trial, he "demanded" that his attorney subpoena his physician, Dr. Gary Kutsikovich, to testify regarding his findings.  These findings included the doctor's opinion that appellant sustained a head injury in the instant crash and a summary of appellant's self-reported symptoms that, appellant said, were mistaken for signs of

3

intoxication. Counsel told appellant that she had spoken to Dr. Kutsikovich, who said he found nothing wrong with appellant. She said she was concerned that the prosecutor would use Dr. Kutsikovich's findings against appellant and that Dr. Kutsikovich "would only hurt the defense." As a result, she told appellant she decided to have Dr. Chris Adelman, a medical expert who also examined appellant, testify, rather than Dr. Kutsikovich, apparently believing Dr. Adelman's testimony would be more favorable. Further, appellant said he was "unavoidably prevented" from discovering Dr. Kutsikovich's findings because his attorney did not give him that doctor's reports until after the deadline to file the petition.

{¶12} The trial court denied the petition without a hearing. The court found that appellant's petition was barred by res judicata because he was aware at trial of the grounds he raised in support of his ineffectiveness claim and could have raised, but failed to raise, the argument in trial or on direct appeal. Further, the court found that appellant's ineffectiveness claim lacked merit because he failed to present substantive grounds for relief. In addition, the court found that trial counsel's decision to call Dr. Adelman as a witness, rather than Dr. Kutsikovich, was a strategic, tactical decision and thus not deficient performance. The court also found that appellant had not demonstrated prejudice. Finally, the court found the petition was time-barred.

{¶13} Appellant appeals the trial court's judgment, asserting two assignments of error. Because they are related, we shall consider them together. They allege:

{¶14} "[1.] The [Common Pleas] Court erred to the prejudice of defendant-appellant Jon Holnapy's delayed petition for post conviction relief denying him redress of grievance under Article I Section 16 of the Ohio Constitution and equal protection of

4

the law under the 14th Amendment of the U.S. Constitution when it abused its discretion denying his ineffective assistance of counsel claim who withheld exculpatory medical evidence of head injuries that resulted in some memory loss and slurred speech the jury was denied the right to hear that would have cast reasonable doubt concerning Mr. Holnapy's guilt under DUI charges as alleged in his indictment in which he was convicted of (sic throughout).

{¶15} "[2.] The [Common Pleas] Court erred to the prejudice of defendant-appellant Jon Holnapy's delayed petition for post conviction relief denying him redress of grievance under Article I Section 16 of the Ohio Constitution and equal protection of the law under the 14th Amendment of the U.S. Constitution when it abused its discretion denying his ineffective assistance of counsel claim absent an evidentiary hearing when he submitted evidentiary document of his medical doctor's findings dehors the record that could have contradicted the state of Ohio's evidence of a DUI charge and or conviction" (sic throughout).

{¶16} On appeal, appellant repeats the argument he made in his petition, namely, that his trial counsel was ineffective in her choice of medical experts to testify and that appellant was unavoidably prevented by his trial counsel from discovering Dr. Kutsikovich's findings, which prevented him from timely filing his petition.

{¶17} As a preliminary matter, we note that an appellate court applies an abuse-of-discretion standard in reviewing a trial court's ruling on a petition for post-conviction relief alleging ineffective assistance of counsel. *State v. Hendrex*, 11th Dist. Trumbull No. 2010-T-0103, 2011-Ohio-1588, ¶28. Likewise, an appellate court reviews a trial court's decision not to conduct a hearing in post-conviction matters under an abuse-of-

5

discretion standard. *Id.* This court has recently stated that the term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *Id.*

{¶18} R.C. 2953.21(A)(1)(a) provides that anyone convicted of a crime who claims there was such a denial of his constitutional rights as to render his conviction void or voidable may file a petition asking the court to vacate his conviction.

{¶19} Further, R.C. 2953.21(C) provides that, before granting a hearing on such petition, the court shall determine whether there are "substantive grounds for relief," based on, inter alia, the petition, the supporting affidavits, and the documentary evidence. R.C. 2953.21(E) provides that the court shall proceed to a hearing on the issues unless the petition shows the petitioner is not entitled to relief.

{¶20} Regarding a petitioner's right to a hearing on his petition, this court in *State v. Noling*, 11th Dist. Portage No. 98-P-0049, 2003-Ohio-5008, stated:

{¶21} [A] defendant challenging his conviction through a petition for post-conviction relief is not automatically entitled to a hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999). "Only after he meets his initial burden to show substantive grounds for relief from the files and records of the case and, often, evidentiary materials dehors the record is a hearing required." *State v. Davie*,[ ]11th Dist. [Trumbull] No. 97-T-0175, 1998 Ohio App. LEXIS 4540, [*5] [(Sep. 25, 1998)]. Stated differently, "* * * before a hearing is granted, 'the petitioner bears the initial burden to submit evidentiary documents containing *sufficient* operative facts to demonstrate * * *'" that [constitutional]

6

errors did occur and that the errors resulted in prejudice. (Emphasis sic.) *Calhoun* at 283, quoting *State v. Jackson*,[ ]64 Ohio St.2d 107 [(1980)], syllabus. Moreover, "* * * if the court can resolve the averments contained within the petitioner's request based upon the material contained within the petition, and the files and records, it may properly dismiss the matter without conducting a hearing." *State v. Hill*,[ ]11th Dist. [Trumbull] No. 94-T-5116, 1995 Ohio App. LEXIS 2684, [*4] [(June 16, 1995)]. *Noling, supra*, at ¶22.

{¶22} Further, this court in *State v. Schlee*, 11th Dist. Lake No. 97-L-121, 1998 Ohio App. LEXIS 6363 (Dec. 31, 1998), held that when a petition for post-conviction relief is based on ineffective assistance of counsel, the petitioner must submit "evidence dehors the record." *Id.* at *5. The evidence outside the record "must meet some threshold standard of cogency." *Id.* In explaining this standard, this court stated:

{¶23} "The evidence must be genuinely relevant, and it must materially advance a petitioner's claim that there has been a denial or infringement of his or her constitutional rights. In the absence of such a standard, it would be too easy for the petitioner to simply attach as exhibits 'evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" *State v. Sopjack*, [11th Dist. Geauga] No. 96-G-2004, 1997 Ohio App. LEXIS 3789, *10 (Aug. 22, 1997), quoting [*State v.* ]*Coleman*, [1st Dist. Hamilton No. C-

7

900811], 1993 Ohio App. LEXIS 1485, *21 [(Mar. 17, 1993)].

*Schlee, supra*, at *5-*6.

**{¶24}** The Supreme Court of Ohio in *Jackson, supra*, held that "[i]n a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *Id.* at syllabus. Further, "[t]he evidence submitted must not be cumulative of or alternative to evidence presented at trial." *State v. Cowan,* 151 Ohio App.3d 228, 2002-Ohio-7271, ¶13 (11th Dist.). Moreover, "'the evidence dehors the record must not be evidence which was in existence and available for use at the time of trial and which could and should have been submitted at trial if the defendant wished to use it.'" *Id.* at ¶15, quoting *State v. Slagle*, 8th Dist. Cuyahoga No. 76834, 2000 Ohio App. LEXIS 3641, *3 (Aug. 10, 2000).

**{¶25}** Here, appellant failed to submit any cogent evidence outside the record providing substantive grounds for relief. Appellant's documents do not evidence that his attorney's performance was deficient or that any errors of his attorney resulted in his prejudice. To the contrary, appellant's affidavit shows that, after his attorney interviewed Dr. Kutsikovich, she concluded Dr. Adelman's testimony would be more favorable and made the strategic, tactical decision to have Dr. Adelman, rather than Dr. Kutsikovich, testify for the defense. Further, appellant concedes that Dr. Kutsikovich's reports were prepared before trial and thus were in existence and available for use in trial. Appellant's argument that he was unaware of them at that time is unavailing because he admitted in his affidavit that Dr. Kutsikovich was treating him for head injuries before

8

trial. *Cowan, supra*. In addition, Dr. Kutsikovich's reports demonstrate his testimony would have been merely cumulative of or an alternative to Dr. Adelman's testimony. *Id.* As a result, the trial court was entitled to deny appellant's petition without a hearing.

{¶26} Further, appellant's petition is barred by res judicata. "'[T]he doctrine of res judicata precludes a defendant from raising, in a petition for postconviction relief, an ineffective assistance of counsel claim that was or could have been raised at trial or on direct appeal. * * *'" *State v. Vinson*, 11th Dist. Lake No. 2007-L-088, 2008-Ohio-3059, ¶32, quoting *State v. Delmonico*, 11th Dist. Ashtabula No. 2004-A-0033, 2005-Ohio-2882, ¶14. "This is particularly true where the petitioner obtained new counsel for their direct appeal and the claim of ineffective assistance could have been raised without resorting to evidence outside the record." *State v. McCaleb*, 11th Dist. Lake No. 2004-L-003, 2005-Ohio-4038, ¶19. Where an appellant is represented by new counsel on direct appeal and the ineffectiveness of appellant's trial counsel could have been determined without resort to evidence outside the record, a petition for post-conviction relief alleging ineffective assistance of trial counsel is barred by res judicata. *State v. Cole*, 2 Ohio St.3d 112, 113-114 (1982). "For a defendant to avoid dismissal of the petition by res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court's record, *and it must not be evidence that existed or was available for use at the time of trial. * * **" (Emphasis added.) *State v. Adams*, 11th Dist. Trumbull No. 2003-T-0064, 2005-Ohio-348, ¶39. *Accord State v. Braden*, 10th Dist. Franklin No. 02AP-954, 2003-Ohio-2949, ¶27 ("the evidence relied upon [to avoid res judicata] must not be evidence that was in existence or available for use at the time of trial and should have been submitted at trial if the petitioner wished to

make use of it"). Further, where the petition shows it is barred by res judicata, the trial court may dismiss the petition without a hearing. *State v. Perry*, 10 Ohio St.2d 175 (1976), paragraph nine of the syllabus.

{¶27} Here, appellant was represented by different counsel at trial and on appeal. Further, appellant was aware of his ineffective-assistance claim while the matter was before the trial court. Appellant stated in his affidavit that, prior to trial, he told his attorney to subpoena Dr. Kutsikovich to testify regarding his alleged head injury, but that his attorney told him she decided to have Dr. Adelman testify instead. As a result, appellant's ineffective-assistance claim was based on evidence that existed or was available for use at the time of trial. Further, the fact that trial counsel did not call Dr. Kutsikovich to testify would have been apparent from the record. Thus, appellant could have raised, but failed to raise, this alleged deficiency in trial or on direct appeal. As a result, the argument is barred by res judicata. For this additional reason, the trial court was entitled to deny the petition without a hearing. *Id.*

{¶28} Further, appellant's petition was time-barred. Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed within 180 days of the date the trial transcript was filed in the court of appeals if a direct appeal is filed. However, an exception to the 180-day rule is set forth in R.C. 2953.23(A)(1). That section provides that a court may not entertain a petition filed after the expiration of the 180-day time limit period unless *both* of the following apply:

{¶29} (a) * * * [T]he petitioner shows that the petitioner was unavoidably
prevented from discovery of the facts upon which the petitioner
must rely to present the claim for relief * * * [; and]

10

{¶30} (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

{¶31} Here, the transcript was filed with this court in appellant's direct appeal on August 9, 2010. However, he did not file his petition for post-conviction relief until August 8, 2012, nearly two years after the transcript was filed. Thus, his petition was filed more than 180 days after the trial transcript was filed and is untimely. R.C. 2953.21(A)(2). As a result, the trial court would only be authorized to consider the petition if appellant satisfied both elements of the foregoing exception. *State v. Scuba*, 11th Dist. Geauga No. 2006-G-2713, 2006-Ohio-6203, ¶21.

{¶32} Appellant concedes his petition was untimely, but argues the exception to the 180-day time limit set forth in R.C. 2953.23(A)(1) applies to his case. In support of the first element of this exception, he argues he was unavoidably prevented from discovering facts on which he relied to present his petition because his trial counsel did not give him copies of Dr. Kutsikovich's reports showing he had head injuries until after the deadline to file his petition. A defendant is "unavoidably prevented" from the discovery of facts if he had no knowledge of the existence of those facts and could not have learned of their existence within the time specified for filing his petition in the exercise of reasonable diligence. *State v. Sansom,* 2d Dist. Champaign No. 2009 CA 38, 2010-Ohio-1918, ¶9. Since appellant treated with Dr. Kutsikovich over a period of time prior to trial and had several appointments with him, appellant knew or, in the exercise of reasonable diligence, should have known of his doctor's findings prior to

11

trial. In fact, appellant states in his affidavit that Dr. Kutsikovich was treating him for head injuries prior to trial. Appellant was thus aware of the general nature of his doctor's findings. Further, appellant has not provided any justifiable reason to explain his 18-month delay in filing his petition. Since Dr. Kutsikovich was appellant's treating physician, appellant could have requested his reports at any time. As a result, appellant failed to show he was unavoidably prevented from discovering facts on which he relied to support his petition.

{¶33} With respect to the second element of the exception to the 180-day time limit, requiring that appellant present clear and convincing evidence that no reasonable jury would have found him guilty, not only did he fail to present any such evidence, he did not even make any argument in support of this element.

{¶34} Because appellant's petition for post-conviction relief was filed beyond the 180-day time period and the exception provided in R.C. 2953.23(A)(1) does not apply, the petition was time-barred and the trial court would not have been authorized to consider his petition. *Scuba, supra.*

{¶35} In any event, even if appellant's petition was not barred by res judicata and if it was not time-barred, his petition would fail on the merits because appellant has failed to demonstrate his trial counsel was ineffective.

{¶36} The standard of review for ineffective assistance of counsel was stated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

{¶37} In order to support a claim of ineffective assistance of counsel, the defendant must satisfy a two-prong test. First, he must show that counsel's performance

12

was deficient. *Strickland, supra*. This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. *Id.* A properly licensed attorney is presumed to be competent. *Id.* at 688. In order to rebut this presumption, the defendant must show the actions of counsel did not fall within a range of reasonable assistance. *Id.* at 689. The Court in *Strickland* stated, "[t]here are countless ways to provide effective assistance in any given case. * * *" *Id.* at 689. Therefore, "[j]udicial scrutiny of counsel's performance must be highly deferential. * * *" *Id.* In addition, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Id.*

{¶38} Second, the defendant must show the deficient performance prejudiced the defense. In order to satisfy this prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's * * * errors, the result of the [trial] would have been different." *Id.* at 694; *accord State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

{¶39} It is well settled that strategic and tactical decisions do not constitute a deprivation of the effective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980). Errors of judgment regarding tactical matters do not substantiate a claim of ineffective assistance of counsel. *Id.*

{¶40} Appellant argues that his trial counsel was ineffective in not calling Dr. Kutsikovich as a witness at trial and, instead, calling Dr. Adelman. In *State v. Wolf*, 11th Dist. Lake No. 93-L-151, 1994 Ohio App. LEXIS 5993 (Dec. 30, 1994), this court held, "the calling of * * * a witness can best be viewed as a tactical decision * * *." *Id.* at *27.

13

Thus, the decision to call, or not to call, a certain witness to the stand is subject to the strong presumption that the decision might be considered sound trial strategy. *Id.* at *28.

{¶41} Here, appellant's own affidavit defeats his claim of ineffective assistance. In it he concedes that, after his attorney interviewed Dr. Kutsikovich, his attorney decided to have Dr. Adelman testify for the defense, rather than Dr. Kutsikovich. This was because appellant's attorney decided that "the prosecutor would use [Dr. Kutsikovich's findings] against [appellant] and that [Dr. Kutsikovich's] findings "would only hurt the defense." Counsel's decision was eminently reasonable in light of Dr. Kutsikovich's final report, dated March 10, 2010, in which the doctor stated that appellant had a normal EEG. Thus, counsel's decision to call Dr. Adelman, rather than Dr. Kutsikovich, as an expert medical witness was a strategic, tactical decision and did not constitute deficient performance.

{¶42} Moreover, appellant failed to prove prejudice because the verdict was supported by other overwhelming evidence of his guilt. Appellant crashed his car twice into a concrete pole while attempting to park his car. The officers said appellant's eyes were bloodshot and they smelled an odor of alcoholic beverage coming from him. Further, appellant admitted that he had consumed three beers within the hour before the crash; that he was also taking Percocet at the time; and that the beers affected him. He also refused to perform field sobriety tests or to take a breathalyzer test. Both officers said appellant did not appear to be injured, complain of any injury, or request any medical attention. Further, both officers expressed their opinion that appellant was under the influence.

{¶43} We therefore hold the trial court did not abuse its discretion in denying appellant's untimely petition for post-conviction relief without a hearing.

{¶44} For the reasons stated in this opinion, appellant's assignments of error are overruled. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J., concurs,

TIMOTHY P. CANNON, P.J., concurs with Concurring Opinion.

_____

TIMOTHY P. CANNON, P.J., concurring.

{¶45} I respectfully concur in the judgment of the majority to affirm the decision of the trial court. However, I do not agree that res judicata should apply. While it is true the medical records at issue may have been available to appellant at the time of his original appeal, they were not contained in the record in that appeal. As a result, if appellant had attempted to make the argument in his previous appeal that he makes in this case, I believe we would have instructed appellant to file a petition for postconviction relief. *State v. Egli*, 11th Dist. Portage No. 2007-P-0052, 2008-Ohio-2507, ¶68; *State v. Smith*, 17 Ohio St.3d 98, 101 (1985), fn. 1. A petition for postconviction relief is the only vehicle available that would allow us to see the medical records and determine whether the petition and the documents not previously included in the record would warrant a hearing.

**{¶46}** A claim of ineffective assistance of counsel founded on evidence de hors the record should not necessarily be barred by the doctrine of res judicata. This court has held that the doctrine of res judicata prevents defendants from raising claims in a postconviction proceeding when the issues could have been raised at trial or on direct appeal. *State v. Sanders*, 11th Dist. Portage No. 2011-P-0088, 2012-Ohio-5025, ¶18. However, the doctrine of res judicata is inapplicable when the defendant's claim in a petition for postconviction relief is supported by material not contained in the record of the initial appeal. There is some authority for the contention that res judicata would only apply provided such evidence did not exist, or was not available for use, at the time of trial. *State v. Poling*, 11th Dist. Ashtabula No. 2012-A-0002, 2012-Ohio-3039, ¶19. However, the application of the rule in those cases seems to involve factual scenarios that would have allowed the relevant issues to be decided on direct appeal.

**{¶47}** It should be clear that in situations where evidence in support of a claim of ineffective assistance of counsel was not and could not have been included in the record of the original appeal, a petition for postconviction relief is not barred by res judicata. *See State v. Schlee*, 11th Dist. Lake No. 97-L-121, 1998 Ohio App. LEXIS 6363, *8. To hold otherwise means that an appellant—who is unable to argue ineffective assistance of counsel at trial, unable to present evidence outside the record on direct appeal, and barred by the doctrine of res judicata from raising the issue in a petition for postconviction relief—could potentially be denied the opportunity to have his evidence reviewed at all.

**{¶48}** I believe the Eleventh District case cited by the majority in support of its position that res judicata applies actually supports the position taken in this concurring

opinion. In *State v. Adams*, 11th Dist. Trumbull No. 2003-T-0064, 2005-Ohio-348, the trial court considered a petition for postconviction relief. This court held it was error for the trial court to dismiss the petition on the basis of res judicata:

> **{¶49}** As an initial matter, we note that the trial court erred by barring this cause of action by the doctrine of res judicata. Indeed, appellant raised ineffective assistance of counsel in five propositions of law in his direct appeal to the Supreme Court of Ohio. In his direct appeal, appellant argued theories of ineffective assistance of counsel based upon evidence that was contained within the trial court record. However, in his petition for postconviction relief, appellant alleged an entirely new theory of ineffective assistance of counsel. This new theory, i.e., his trial counsel was ineffective for failing to consider *Edwards* and move to suppress the October 20, 1999 statements, was predicated upon an October 14, 1999 interview which was not contained within the record. This new theory of ineffective assistance of counsel could only be raised in a petition for postconviction relief.

> **{¶50}** The fact that an appellant raised ineffective assistance of counsel claims in a direct appeal does not bar such a claim in a petition for postconviction relief, provided the claim in the postconviction exercise is predicated upon evidence outside the record. We must look to the substance of the argument itself to determine whether it is barred by res judicata. In this matter, appellant raised an entirely new theory of ineffective assistance of counsel in his petition for postconviction relief, and the trial court erred by barring this claim by the doctrine of res judicata. *Id.* at ¶65-66.

**{¶51}** The same analysis applies here. Appellant's claim in his petition for postconviction relief contains a new theory of ineffective assistance of counsel. Even though the medical records were available to appellant at the time of the original appeal, this theory is based on evidence not contained in the prior record on appeal. Therefore, res judicata should not have precluded consideration of appellant's petition for postconviction relief.

17

{¶52} With regard to the balance of the opinion, I agree with the majority that the petition was time-barred, that there is no justification for the undue delay, and further, that it would fail on the merits.