TIMOTHY P. CANNON, J., concurring.
{¶ 29} I concur with the majority opinion but write separately to address the following statement in the trial court's judgment entry: "The Eleventh District Court of Appeals held that Plaintiff's counsel was not ineffective and overruled this assignment of error [in the appeal from his criminal conviction]."
{¶ 30} The language we use on direct appeal in determining whether trial counsel was ineffective could benefit from more clarity; the reality is we often hold the record simply does not support the claim. "The fact that an appellant raised ineffective assistance of counsel claims in a direct appeal does not bar such a claim in a petition for postconviction relief, provided the claim in the postconviction exercise is predicated upon evidence outside the record. We must look to the substance of the argument itself to determine whether it is barred by res judicata." State v. Adams , 11th Dist. Trumbull No. 2003-T-0064, 2005-Ohio-348, 2005 WL 238144, ¶ 66 ; see also State v. Holnapy , 11th Dist. Lake No. 2013-L-002, 2013-Ohio-4307, 2013 WL 5446849, ¶ 45-51 (Cannon, P.J., concurring).
{¶ 31} Here, the issue of whether the record supported a claim of ineffective assistance of counsel in appellant's direct appeal has been resolved. The issue of whether appellant can support a claim of ineffective assistance of counsel in post conviction proceedings has not yet been addressed or resolved. Thus, in addition to the fact that appellant is not collaterally estopped from litigating his civil malpractice claim, the issue of ineffective assistance of counsel may not be completely barred by res judicata within the context of his criminal conviction.
WRIGHT, J., concurs in the foregoing opinion.